163 So.2d 868 (1964)
John Calvin THOMPSON, Plaintiff-Appellee,
v.
Richard E. BROWN, Jr., Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, et al., Defendants-Appellee-Appellant.
No. 10179.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1964.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for Piggly Wiggly Operators' Warehouse, Inc., defendant-appellant.
James E. Bookter, Bossier City, for John Calvin Thompson, plaintiff-appellee.
Marion Weimer, Melvin L. Bellar and James A. Piper, Baton Rouge, for Richard E. Brown, Jr., administrator, defendant-appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
Plaintiff's employer prosecutes this appeal from a judgment reversing the administrative *869 agency's determination of plaintiff's disqualification for receipt of unemployment compensation benefits and directing that such benefits be paid him. Appellant complains that the court substituted its judgment for that of the Chief Appeals Referee and for that of the Board of Review, which determinations appellant contends are supported by sufficient evidence. The position of plaintiff, concurred in by the Administrator, is that the determinations of the Appeals Referee and of the Board of Review are not supported by legal and competent evidence.
Plaintiff was discharged from his employment for the reasons (1) that he reported for work under the influence of intoxicating liquors and (2) that he was guilty of insubordination toward one of his supervisors. The statute, LSA-R.S. 23:1634, as amended, limits a judicial review of the administrative agency's determination to questions of law where such determination is supported by sufficient evidence. Evidence in this respect denotes legal and competent evidence. McGinnis v. Moreau et al., La.App., 3d Cir., 1963, 149 So.2d 188; Huddleston v. Brown, La. App., 2d Cir., 1960, 124 So.2d 225; Abrams v. Sharp, La.App., Orleans, 1959, 115 So.2d 880; King v. Brown, La.App., 2d Cir., 1959, 115 So.2d 405; Baker v. Sharp, La. App., 1st Cir., 1959, 110 So.2d 209; Jenkins v. Heard, La.App., 2d Cir., 1957, 92 So.2d 287; Burge v. Administrator, Etc., La.App., 2d Cir., 1955, 83 So.2d 532.
More precisely stated, the question presented for resolution is whether the evidence relied upon by the appellant constitutes, as a matter of law, legal and competent evidence and is therefore sufficient.
The record establishes these pertinent facts and circumstances. Plaintiff reported for work at the usual hour of 6:30 a. m., February 16, 1963. During the morning hours, he reported to the employer's supply room to obtain a pair of gloves. While waiting for the gloves at the instance of the supply clerk, plaintiff was accosted by a supervisor who obviously thought he was neglecting the duties of his employment. The supervisor took plaintiff to task notwithstanding his efforts to explain the matter. The supervisor made a report to the employee's office manager, who discharged plaintiff.
The supervisor was not called as a witness, nor was his testimony otherwise obtained. The office manager testified generally from evidence supplied him by his subordinates, none of whom were called as witnesses. The manager did testify, however, that he could smell the odor of intoxicating liquor upon plaintiff's breath. Plaintiff does not dispute the fact that he had been drinking the night prior to reporting for work. He denied, however, that he was intoxicated when he reported for work. He also denied that he was insubordinate or made improper remarks to his supervisor.
The fact that alcohol could be smelled upon plaintiff's breath does not establish that he was intoxicated at the time. In fact the employer's witness could not testify that plaintiff was drinking; nor that he was not in condition to perform his duties. Other than the witness' testimony that he smelled liquor upon the plaintiff's breath, the evidence of this witness is based upon information furnished him by others and is hearsay, and, as such, is not legal and competent evidence. An observation made by this court in Huddleston v. Brown, supra, finds particular application here.
"* * * In this connection it might be appropriate to point out the fact that our courts are constantly being confronted, in their consideration of claims involving rights to unemployment compensation, by records made up before the administrative officials and boards of the Department which are replete with what appears to be the grossest character of hearsay testimony. The instant case provides a striking illustration. The claimant *870 was not confronted with witnesses who were responsible for any charges or complaints against him and therefore was deprived of the opportunity to interrogate such witnesses. It must be pointed out that continuance of this procedure renders a claimant completely helpless before mere unsubstantiated representations." (124 So.2d 225, 226.)
The record as made up does not, therefore, establish that plaintiff was guilty of such insubordination as to disqualify him from the receipt of unemployment benefits.
Accordingly, the judgment appealed should be, and it is hereby, affirmed.
Affirmed.