MILLER, Judge.
Defendant took this devolutive appeal from a confirmation of default judgment, contending that there is no evidence to support the judgment awarded in this tort suit.
Plaintiff alleged that he loaned his shrimp boat to defendant Claythis Ver-rette, his father; that his father “used the vessel for shrimping and earned substantial money therewith until approximately August 27, 1969, when the vessel was totally destroyed;” that shortly before that date, his father agreed with defendant Clarence Dyson that Dyson would maintain, bail and generally keep the vessel ready for sea in exchange for a 50-50 division of the profits from shrimping; that because it was not properly bailed, the vessel listed heavily; that Dyson “hired or borrowed a winch truck from defendant Saltzman & Gordon Welding Service, Inc.,” which truck was operated by an employee or agent of the company; that Dyson and the truck driver tied a winch line from the truck to the vessel and attempted to winch the vessel from the water onto the beach, but in the process, they tore it completely apart.
The suit was filed on July 29, 1970. Preliminary default was entered on September 18, 1970 and confirmed on September 25, 1970. The only witness to testify was plaintiff’s father, the defendant Clay-this Verrette. Judgment was not awarded against this defendant.
Plaintiff’s father testified that he gave the shrimp boat to Dyson to run it fifty-fifty. When asked what happened to the vessel, Verrette answered:
"A. Well, I don’t know — after Dyson took it, he — it got some water in it or something and he wanted to pull it on land. I don’t know why they wanted to pull it on land. I told Dyson to pump it, and if he couldn’t pump it, to call me. * * * Well, he didn’t call me. He just went up there and pulled it on. Gordon (with Saltzman and Gordon Welding Service, Inc.) pulled it for him with a welding truck.

“Q. And what happened to it?
“A. It busted in two.”
There is no suggestion in the record that plaintiff’s father witnessed the incident or that he has any reason to know whose negligence caused the alleged damage to the vessel.
A judgment of default must be confirmed by proof of demand sufficient to establish a prima facie case. LSA-C.C.P. Art. 1702.
The loss was established by hearsay evidence. This does not sustain the burden of proving a prima facie case. Testimony based upon information furnished witness by others is hearsay and, as such, not legal and competent evidence. Thompson v. Brown, 163 So.2d 868 (La.App.2d Cir. 1964). See also Manuel v. American Employers Insurance Company, 212 So.2d 527 (La.App.3d Cir. 1968).
It is ordered, adjudged and decreed that the trial court judgment awarding damages against Saltzman & Gordon Welding Service, Inc. together with legal interest and court costs is set aside. Plaintiff’s suit against this defendant is dismissed as of non-suit at plaintiff-appellee’s costs.
Reversed.