272 So.2d 792 (1973)
Nolton LANDRY, Plaintiff-Appellant,
v.
DEPARTMENT OF EMPLOYMENT SECURITY, State of Louisiana, Administrator, and Sammy's Seafood, Defendants-Appellees.
No. 4081.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
*793 Stephen A. Berniard, Jr., Southwest Louisiana Legal Aid Society, Lake Charles, for plaintiff-appellant.
Marion Weimer, Baton Rouge, for defendants-appellees.
Before SAVOY, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Plaintiff Nolton Landry, a discharged employee of Sammy's Restaurant, appealed the district court judgment affirming the Louisiana Board of Review of the Division of Employment Security. Landry's claim for unemployment compensation benefits was denied. We review the decision under the provisions of LSA-R.S. 23:1634 and reverse.
The claimant was employed as a bartender for a period of eighteen years and was receiving a salary of $65.00 per week at the time of his discharge. On January 7, 1971 his employer gave a written report stating that claimant's "probability of continued employment" was "o. k. (Fine)". Claimant was absent from his employment on several occasions, but at all times the company was notified of his absence.
Claimant was discharged at 9 a. m. on Saturday May 14, 1971 when he reported to his employer that he would be unable to report for work at the scheduled time of 11 a. m. because he had been drinking the previous night. Although the employer contended in his response to the routine notice of inquiry of reason for discharge, that claimant was guilty of excessive absenteeism and drinking on the job, the record contains no evidence to support those charges. Claimant admitted to some periods of absenteeism, but explained these as being due to illness. This was supported by a physician's statement diagnosing claimant as having a gastric ulcer. This statement was introduced into evidence at the hearing before the appeals referee.
*794 The appeals referee and the trial court based their factual determination supporting the employer's charge of excessive absenteeism due to drinking on a "Worksheet for Fact Finding Interview" dated May 28, 1971. The claimant is quoted as stating "I have never reported to work drunk, but I've had to miss work because I had been drinking." At the hearing claimant specifically and categorically denied making that statement. He explained that the interviewer wrote down what he was saying and that he told the interviewer that "I missed work because I was sick". Claimant does not read or write and he had no way of knowing what the interviewer wrote down. The interviewer was not called to testify. There is no credible testimony to support the May 28, 1971 alleged statement.
The employer did not appear or offer testimony before the appeal referee. He did not file a brief or appear in this court. The brief filed in the trial court on behalf of the Administrator of the Department of Employment Security, State of Louisiana, specifically stated that "It would seem that these actions on the part of the claimant do not constitue such a wilful or wanton disregard of the employer's interest as set out in the Horns case (cited hereinafter). This is particularly true when we consider that the record only shows such action to have occurred on one occasion." The Department submitted "that the ruling of the Board is not supported by the record and that same should, therefore, be reversed." In effect, the Department joined with appellant in asking this court to reverse the trial court.
Under the statute and the established jurisprudence it was clearly and unmistakably the duty, burden and obligation of the employer to establish claimant's discharge for misconduct connected with his employment. LSA-R.S. 23:1601 (2); Gardere v. Brown, 170 So.2d 758 (La.App. 1 Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La. App. 4 Cir. 1964); Lee v. Brown, 148 So.2d 321 (La.App. 3 Cir. 1962).
Misconduct under LSA-R.S. 23:1601(2) means an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or shown an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963).
The only misconduct established by this record is that disclosed by claimant himself, that he went to his employer two hours before his scheduled employment to report that he was unable to work that day because he had been drinking the night before. This single event may explain claimant's discharge but does not justify a denial of unemployment benefits. Turner v. Brown, 134 So.2d 384 (La.App. 3 Cir. 1961); Williams v. Brown, 157 So.2d 237 (La.App. 3 Cir. 1963); Gardere v. Brown, 170 So.2d 758 (La.App. 1 Cir. 1964).
Claimant appellant is entitled to the unemployment compensation benefits for which he makes claim. The judgment appealed from is annulled and set aside, and the case is remanded to the Board of Review for further proceedings.
Reversed and remanded.