291 So.2d 444 (1974)
Inell Y. PHILLS, Plaintiff-Appellant,
v.
F. C. DOYAL, Jr., Administrator of the Department of Employment Security, State of Louisiana and American Linen, Defendants-Appellees.
No. 12207.
Court of Appeal of Louisiana, Second Circuit.
January 8, 1974.
*445 Ike F. Hawkins, Jr., Shreveport, for plaintiff-appellant.
Marion Weimer, James A. Piper, James A. McGraw by James A. McGraw, Baton Rouge, for defendants-appellees.
Before AYRES, BOLIN and WILLIAMS, JJ.
BOLIN, Judge.
The only issue in this case is whether plaintiff was properly disqualified for unemployment compensation benefits under the provisions of Louisiana Revised Statutes 23:1601(2) for having "been discharged for misconduct connected with his [her] employment". The Appeals Referee and the Board of Review of defendant agency found plaintiff to be disqualified, which decision was affirmed by the district court, and plaintiff appeals. For reasons hereinafter expressed the judgment of the lower court is reversed.
After having been employed by American Linen as a common laborer for approximately 19 years, plaintiff was discharged because of an argument as to whether she had timely reported back to work after a 30-minute lunch break. Plaintiff applied for benefits with the local Employment Security Office at Shreveport, Louisiana, and her request was denied with the notation that "your discharge was for misconduct connected with the work." Being dissatisfied with this determination, plaintiff appealed to the Appeals Referee. At this hearing she and a fellow-employee testified that the whistle and time clock were not properly functioning on the day of her discharge but that the plaintiff did return to her work before 12:30. The superintendent for American Linen testified plaintiff was discharged because she cursed and used abusive language while he and plaintiff were discussing the clock.
In finding plaintiff was disqualified for benefits the Appeals Referee made the following findings of fact:
"The claimant worked 19 years for this employer as a flat press operator earning $1.60 an hour at the time to [of] separation. All employees were usually given thirty minutes lunch break. There is a warning buzzer at 12:25 and then the buzzer to start back to work at 12:30. On this day the warning buzzer went off at 12:20 and the buzzer to start back to work at 12:25. She did not start back to work at 12:25 but waited until 12:30. Her supervisor questioned her about this *446 then the plant superintendent got into the discussion. They got into a heated argument and curse words were passed between them. She told the plant superintendent what he could do with the buzzer in an unlady like manner and then she was discharged."
Misconduct, as used in the Unemployment Compensation Act, has been defined as an act of wanton or willful disregard of the employer's interest, deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Gatlin v. Brown, 154 So.2d 224 (La.App. 2d Cir. 1963).
It is not the responsibility of the employee to disprove misconduct but to the contrary the employer has the burden of proving misconduct on the part of the employee by a preponderance of the evidence. Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir. 1972) and cases cited therein.
We are aware that the scope of judicial review is limited by Louisiana Revised Statutes 23:1634 to whether the findings of fact of the Board of Review are supported by sufficient evidence and, if so, whether as a matter of law the decision of the reviewing board is correct. Abraham v. Doyal, 253 So.2d 579 (La.App. 2d Cir. 1971).
Interpreting the factual findings of the Board of Review in light of all the testimony and the legal principles stated above, we conclude the employer has not borne the burden of proving misconduct on the part of plaintiff in connection with her employment.
For the reasons assigned the judgment of the district court is reversed and it is now ordered that this cause be remanded to the Board of Review of the Department of Employment Security, State of Louisiana, with instructions that an order issue directing the payment to plaintiff of the unemployment compensation benefits to which she is entitled under the Louisiana Employment Security Law.