292 So.2d 265 (1974)
Artis EVANS, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellee.
No. 12264.
Court of Appeal of Louisiana, Second Circuit.
March 19, 1974.
Mecom, Scott & Woods, by B. J. Woods, Shreveport, for plaintiff-appellant.
Marion Weimer, James A. Piper, James A. McGraw, Baton Rouge, for defendant-appellee.
Before AYRES, BOLIN and WILLIAMS, JJ.
WILLIAMS, Judge.
This appeal results from a suit by Artis Evans seeking a judicial review of an administrative agency's decree he is not entitled to unemployment compensation. Evans, a discharged employee of Brewster Company, Inc., appealed the district court's judgment affirming the Louisiana Board of Review of the Division of Employment Security. Our review is subject to the provisions of LSA-R.S. 23:1634.
Claimant was employed at $2.84 per hour as a general janitor for three years prior to his discharge on September 28, 1972. In a routine notice dated September 29, 1972, filed by his employer and signed by the Industrial Relations Manager, the reason for separation stated: "Involuntary Termination-Reported to work intoxicated." On October 13, 1972 a similar notice, dated October 4, 1972, was filed with the Louisiana Division of Employment Security.
Claimant was the only witness appearing before the Appeals Referee. He admitted having two beers, but denied he was drunk. He further denied he was reporting to work, but claimed he went to his employer's place of business to pick up his pay check. Claimant stated he had received an injury the day before and was going to the doctor because he was unable to return to work.
*266 The claimant signed his signature by printing his letters and it is apparent he has limited ability to read or write. In his notice of appeal, which was written by someone other than claimant, he denies being intoxicated the day he was discharged.
There was no representative of the employer who appeared before the Appeals Referee to offer testimony.
The Appeals Referee's findings of fact were based solely on claimant's testimony and the routine notices from the employer. Such notices are hearsay and not legally competent as evidence. Other findings of fact are based on statements made by claimant. The Appeals Referee and the trial court accepted as true such testimony by claimant considered as adverse to his claim and disbelieved his denials of being intoxicated on the job. The fact claimant's testimony was not acceptable by the Appeals Referee would not thereby supply the proof required by the employer of his employee's misconduct.[1] In interpreting LSA-R.S. 23:1634 the court in Landry v. Department of Employment Security, 272 So.2d 792 (3d Cir. 1973) stated:
"Under the statute and the established jurisprudence it was clearly and unmistakably the duty, burden and obligation of the employer to establish claimant's discharge for misconduct connected with his employment. LSA-R.S. 23:1601(2); Gardere v. Brown, 170 So.2d 758 (La. App. 1 Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4 Cir. 1964); Lee v. Brown, 148 So.2d 321 (La.App. 3 Cir. 1962)."

[272 So.2d 792, 794]
This court also held in Thompson v. Brown, 163 So.2d 868 (La.App., 2d Cir. 1964):
"* * * The statute, LSA-R.S. 23:1634, as amended, limits a judicial review of the administrative agency's determination to questions of law where such determination is supported by sufficient evidence. Evidence in this respect denotes legal and competent evidence.. . ."

[163 So.2d 868, 869]
We find the determination of the Louisiana Board of Review of the Division of Employment Security and the judgment of the trial court affirming same are in error because there was no legal evidence in the record to support their factual findings.
Claimant Evans is entitled to the unemployment compensation benefits for which he has made claim.
The judgment of the trial court appealed is reversed and the case remanded to the Board of Review for further proceedings.
Reversed and remanded.
NOTES
[1] Heard v. Doyal, 259 So.2d 412 (La.App., 2 Cir. 1972)