297 So.2d 476 (1974)
William Ray TOLIVER, Plaintiff-Appellant,
v.
F. C. DOYAL, Jr., Administrator, et al., Defendants-Appellees.
No. 12357.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1974.
Caddo-Bossier Legal Aid Society, J. Waddy Tucker, Robert E. Piper, Jr., Shreveport, for plaintiff-appellant.
Marion Weimer, James A. Piper, and James A. McGraw, Baton Rouge, for defendants-appellees.
Before PRICE, HALL and WILLIAMS, JJ.
WILLIAMS, Judge.
In this appeal William Ray Toliver seeks judicial review of an administrative agency's decree, affirmed by the district court, that he is not entitled to unemployment compensation under LSA-R.S. 23:1471 et seq., because of misconduct. Toliver was fired for alleged excessive lateness and absenteeism in his job after being warned earlier by Truitt Salley, his employer.
Claimant had been employed by Salley Grocer Company, Inc. for four years. He worked from 5:00 A.M. to 5:00 P.M. at the rate of $1.80 per hour. On September 29, 1972 Toliver filed for unemployment compensation with the Caddo Parish Agency of the Louisiana Department of Employment Security after receiving a note on his last pay check reading he was fired for being repeatedly late. This local agency denied his application, stating absenteeism and tardiness constituted misconduct. On November 29, 1972 the Appeals Referee agreed with this conclusion, as did the Board of Review on January 26, 1973. Under LSA-R.S. 23:1634 Toliver sought judicial review of the Board of Review's decision. The district court affirmed the Board and this appeal was then perfected.
At no time did the employer or his representative appear before the Appeals Referee to offer testimony. Toliver was the only witness to make an appearance. He admitted being late only 2 or 3 minutes on different days and denied missing 15 days. In addition claimant admitted his employer warned him about being late, but never threatened to fire him. Instead Toliver contended Mr. Salley attempted to "run him off".
The only legally competent evidence in the record is the testimony of Toliver. *477 Filed in the record is an unsworn, unsupported written statement by his employer, and some unidentified fragments of handwritten notes, none of which is legally admissible or competent evidence.
LSA-R.S. 23:1634 states on judicial review:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law...."
In Evans v. State of Louisiana, Department of Employment Security, 292 So.2d 265 (La.App. 2d Cir. 1974) we stated:
"* * * In interpreting LSA-R.S. 23:1634 the court in Landry v. Department of Employment Security, 272 So.2d 792 (La.App. 3d Cir. 1973) stated:
"`Under the statute and the established jurisprudence it was clearly and unmistakably the duty, burden and obligation of the employer to establish claimant's discharge for misconduct connected with his employment. LSA-R.S. 23:1601(2); Gardere v. Brown, 170 So.2d 758 (La. App. 1 Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4 Cir. 1964); Lee v. Brown, 148 So.2d 321 (La.App. 3 Cir. 1962). [272 So.2d 792, 794]'
"This court also held in Thompson v. Brown, 163 So.2d 868 (La.App., 2d Cir. 1964):
"`* * * The statute, LSA-R.S. 23:1634, as amended, limits a judicial review of the administrative agency's determination to questions of law where such determination is supported by sufficient evidence. Evidence in this respect denotes legal and competent evidence.... [163 So.2d 868, 869]'"
We find the determination of the Louisiana Board of Review of the Division of Employment Security and its affirmation by the trial court in error. There is no legally competent evidence in the record to support their factual findings of the elements of Toliver's misconduct.
Claimant Toliver is entitled to unemployment compensation benefits. The judgment of the trial court is reversed and this case remanded to the Board of Review for further proceedings.
Reversed and remanded.