LEMMON, Judge.
In defendant employer’s appeal from a judgment awarding plaintiff unemployment compensation benefits, the sole issue is whether plaintiff was disqualified for benefits under R.S. 23:1601(2) because he was terminated for misconduct connected with his employment.[1]
Plaintiff appeared in proper person at the hearing before the appeals referee, but the employer merely submitted affidavits and made no appearance. The affidavits were incorporated in the record and considered by the appeals referee in reaching his decision.
The threshold issue is the effect of the admission of the hearsay evidence.
Many Louisiana intermediate appellate decisions have followed the “residuum rule”, which holds generally that hearsay evidence, at least when not objected to, may be used in administrative proceedings for limited purposes such as corroboration, but that such evidence cannot form the sole basis of the decision. Toliver v. Doyal, 297 So.2d 476 (La.App. 2nd Cir. 1974); Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964); 36 A.L.R.3rd 12 (1971).
The basic premise of these decisions is that while R.S. 23:1634 requires a court to accept the factual findings of the board of review which are supported by sufficient “evidence”, the “evidence” referred to in the statute means competent evidence. Hall v. Doyal, 191 So.2d 349 (La.App. 3rd Cir. 1966). According to that reasoning, a court determining sufficiency of evidence (which is a question of law) must find some competent evidence to support an administrative decision and cannot affirm the decision solely on hearsay evidence.
The “residuum rule” has been criticized on the basis of the trend in non-jury cases and administrative proceedings to replace rules of evidence with discretion. It is argued that the exclusionary rules of evidence necessary for jury trials are not directly related to the reliability of such evidence, and when hearsay declarants are not available to testify and the hearsay evidence appears reliable and is not likely under the demonstrated circumstances to yield to cross-examination, an administrative tribunal should be allowed reasonable discretion to receive such evidence and consider it in the light of all circumstances in reaching a decision. See Davis, Administrative Law § 1407 (3rd ed. 1972).[2]
It is not necessary, however, to decide whether to apply the “residuum rule” in this case. The plaintiff himself testified as to the circumstances surrounding his termination, and he admitted the behavior described in the affidavits. However, he attempted to explain and justify that behavior. Accordingly, the evidentiary value of the affidavits is not a problem in this appeal, which turns on plaintiffs own testimony attempting to justify his behavior.
*227 Plaintiff testified that he was hired on July 30, 1975 as division comptroller and purchasing agent for defendant, a residential construction company; that he was setting up an accounting system and making all purchases for a new division; that he agreed to work 10 hours per day and a half day on Saturdays and willingly worked much longer hours and on Sundays, and was well compensated; and that because of the tremendous amount of work at that stage of operations the company provided him with a secretary. He complained that David Bower, the division president, became friendly with his secretary, and when she refused his request to work overtime (because of a previous commitment) on September 30, Bower undermined his authority by requiring him to give advance notice for overtime in accordance with company policy, a policy that plaintiff considered unreasonable. Plaintiff also complained that Bower did not support him in a confrontation with one construction superintendent who ordered too much materials and with another who propped his feet on plaintiff’s desk and otherwise didn’t respect plaintiff’s office. Plaintiff felt he had a “title and no power” and was the “laughing stock of the division”. In order to “put some amount of pressure” on Bower so as to “get my authority back”, plaintiff decided to move his office to another division office in a different section of the city. When he informed Bower of the unauthorized move (which came right after another confrontation with the secretary on overtime), Bower fired him.
Plaintiff therefore admitted he deliberately refused to report to his assigned place of work and to follow a company policy with which he disagreed.[3] This evidence established a disregard for standards of behavior which an employer has a right to expect of its employees, and such substandard behavior constitutes misconduct associated with employment. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963). Furthermore, plaintiff’s explanation of his behavior was implicitly rejected by the appeals referee as not reasonably justified under the circumstances. The trial judge erred in substituting his judgment for this reasonable determination by the appeals referee.
The judgment is reversed, and plaintiff’s suit is dismissed.

REVERSED AND RENDERED.

. The agency determination that plaintiff was disqualified was affirmed by the appeals referee, after a hearing, and ultimately by the board of review. The district court reversed, and that judgment is now before us for consideration.

. Professor Davis’ analysis is arguably not applicable to the present case because the declar-ants were readily available to give testimony subject to cross-examination.

. The referee’s findings of fact were based entirely on plaintiffs testimony, except for one reference to Bower’s affidavit about the reason for plaintiffs dismissal.