378 So.2d 1045 (1979)
Samuel L. CALDWELL, Plaintiff-Appellant,
v.
Joseph R. GERACE, Administrator, Department of Employment Security of the State of Louisiana and Piggly Wiggly Operators' Warehouse, Inc., Defendants-Appellees.
No. 13995.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1979.
*1046 Northwest Louisiana Legal Services, Inc. by Steven R. Thomas, Shreveport, for plaintiff-appellant Samuel L. Caldwell.
Marion A. Weimer, James A. Piper and James A. McGraw, Baton Rouge, for defendant-appellee Joseph R. Gerace, Administrator, Department of Employment Security of the State of Louisiana.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for defendant-appellee Piggly Wiggle Operators' Warehouse, Inc.
Before HALL, JONES and BIGBY, JJ.
HALL, Judge.
After being fired from his job at Piggly Wiggly Operators' Warehouse, Inc. for alleged insubordination, failing to report to work, and sleeping on the job, plaintiff applied for unemployment compensation benefits. His claim was denied by the agency, the appeals referee, and the board of review upon a finding of misconduct connected with the employment under LSA-R.S. 23:1601(2). Plaintiff sought judicial review, and by answer in the district court, the administrator joined plaintiff in praying that the decision of the board of review be reversed. The trial court held there was sufficient evidence to support the appeals referee's finding of insubordination and affirmed the decision of the board of review. Plaintiff appealed to this court.
The employer did not appear or offer evidence at the hearing before the appeals referee to support the charge of misconduct.[1] The only evidence was the claimant's sworn testimony.
Plaintiff had worked for Piggly Wiggly for about 14 months in the maintenance and repair department earning $3 per hour. A few weeks before he was fired he was assigned a new job in the battery department, working the night shift.
On the insubordination charge, which was not detailed in any way in the employer's unsworn report, plaintiff testified about an incident where he was standing in the door between the battery room and the maintenance department smoking a cigarette. The "night proprietor" directed him to sweep the floor of the maintenance room. He refused on the grounds that this was not part of his duties. The "night proprietor" first told him he was suspended for three days and then told him he was fired indefinitely and to clock out. Plaintiff left the job but went to see the personnel director the next day and was told to go back to work, which he did. He lost four hours time. He was not discharged until over a week later.
On the failure to report to work charge, plaintiff testified he called in one night about 9:00 before he was supposed to report to work at 10:00 and said he could not come to work because of stomach trouble. Although told to bring a doctor's excuse, plaintiff did not do so because he did not go *1047 to a doctor and because it would have been expensive to do so. Plaintiff testified there was no policy requiring a doctor's excuse and the only policy was to call in, which he did.
Plaintiff flatly denied he ever slept on the job.
The burden is on the employer to establish the disqualifying misconduct by a preponderance of competent evidence. Phills v. Doyal, 291 So.2d 444 (La.App.2d Cir. 1974); Heard v. Doyal, 259 So.2d 412 (La.App.2d Cir. 1972). Here, the employer presented no evidence. The only evidence before the appeals referee was plaintiff's own testimony. There is no evidentiary basis for the referee to accept plaintiff's inculpatory testimony and disregard his exculpatory testimony. Heard v. Doyal, supra, and Evans v. State, Department of Employment Security, 292 So.2d 265 (La. App.2d Cir. 1974).
Accepting plaintiff's testimony that sweeping up was not part of his duties and that he was put back to work after talking to the personnel director, together with the fact that he was not discharged until several days later, and considering the absence of any evidence as to the authority of the "night proprietor", this isolated incident did not constitute insubordination and misconduct of such a nature as to disqualify plaintiff from entitlement to benefits.
Accepting plaintiff's testimony that he was sick and his reasonable explanation of why a doctor's excuse was not obtained and furnished, his failure to report to work one night and his failure to furnish a doctor's certificate was not disqualifying misconduct.
As previously noted, there was no evidence whatsoever that plaintiff ever slept on the job.
Because there is no competent evidence to support a finding of misconduct connected with plaintiff's employment, the judgment of the district court is reversed, the decision of the board of review is set aside, and it is now ordered, adjudged and decreed that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing the payment to plaintiff of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law. The employer, Piggly Wiggly Operators' Warehouse, Inc., is cast for all costs.
Reversed and rendered.
NOTES
[1] The employer did not appear before the appeals referee or in the district court. The employer has, however, filed a brief in this court supporting the denial of benefits.