488 So.2d 1064 (1986)
Linda Faye CREDIT, Appellant,
v.
George WHITFIELD, Administrator of the Louisiana Office of Employment Security and St. Francis Medical Center, Appellees.
No. 17825-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1065 North Louisiana Legal Assistance Corp. by Mary C. Mayham, Monroe, for appellant.
Legal Dept., Office of Employment Sec. by Denise Nagel, Baton Rouge, for appellees.
Before MARVIN, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is a suit for unemployment compensation. Linda Credit was fired from her job at St. Francis Medical Center in Monroe where she had worked almost two years as a nurses aide at $3.99 an hour. The claims adjudicator ruled that she was not disqualified and the employer appealed. There was an appeals hearing at which Ms. Credit and two of her supervisors testified. The appeals referee reversed the adjudicator and disqualified the claimant. Ms. Credit appealed to the board of review, which affirmed the referee's disqualification. Ms. Credit then brought the instant suit for judicial review. The trial court affirmed the referee and the board of review; Ms. Credit appeals. For the reasons expressed, we reverse and remand.
The factual findings of the appeals referee are summarized as follows. On April 26, Nurse Kirkham, the head nurse, told Ms. Credit to collect a stool specimen and carry it to the lab. The specimen never made it there, so on April 30, Nurse Kirkham called Ms. Credit in for counseling. Ms. Credit insisted that she had indeed collected the specimen but was too busy to take it to the lab. Instead, a fellow worker, Ms. Strong, offered to do this for her, and she relied on this promise which was not kept. Nurse Kirkham told her this did not matter; if the task was assigned to Ms. Credit, then the blame must fall on Ms. Credit, regardless of any arrangements with Ms. Strong. Besides, according to Nurse Kirkham, Ms. Strong denied ever offering to help with the specimen. Nurse Kirkham gave her a warning even though, under hospital regulations, she could have fired her on the spot for "dereliction of duty." We specifically note that the April 26 incident was not the reason for the discharge.
On May 1, Nurse Holtzclaw assigned Ms. Credit to collect a urine specimen and carry it to the lab. The specimen was never collected and Nurse Holtzclaw paged Ms. Credit three times without response. When she was finally found, she was chatting with the housekeeper in the hall instead of bathing a patient as she had been previously instructed to do. Nurse Holtzclaw therefore called up the clinical director, Ms. Jernigan, and reported all this. After consulting with Nursing Services, Ms. Jernigan and Nurse Kirkham decided to fire Ms. Credit.
The claims adjudicator found no misconduct connected with employment. The appeals referee cited the failure to deliver the stool specimen, failure to take the urine *1066 specimen, failure to bathe a patient and talking to an orderly in the hall as neglect of duty sufficient to disqualify her from benefits.
A claimant shall be disqualified from benefits if he has been discharged for misconduct connected with his employment. LSA-R.S. 23:1601(2). Misconduct is interpreted to mean an act of wilful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, disregard of standards of behavior that the employer has a right to expect from his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest or evil design. Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir. 1985); La. Ofc. of Fam. Sec. v. Adm'r, 427 So.2d 539 (La.App. 3d Cir.1983), and citations therein.
The employer bears the burden of proving that the discharge resulted from disqualifying conduct. This issue is primarily factual and is to be determined by the appeals referee and the board of review. LSA-R.S. 23:1634. There must nevertheless be legal and competent evidence to support the factual findings on which the administrative determination turns. Evans v. State Dept. of Emp. Sec., 292 So.2d 265 (La.App. 2d Cir.1974); Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2d Cir.1979). Thus, in order to reach the determination of misconduct, the referee and board of review must use evidence that is sufficient and competent. Hall v. Doyal, 191 So.2d 349 (La.App. 3d Cir.1966). Our review is confined to legal matters and questions of sufficiency and competence of evidence. We are mindful that in administrative hearings the usual rules of evidence do not apply and hearsay is generally admissible. Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir.1964); LSA-R.S. 23:1631.
Ms. Credit contends, however, that the evidence of the May 1 incident was entirely hearsay and therefore not competent to disqualify her. The jurisprudence firmly establishes that the referee or Board of Review may not base its decision solely on hearsay. Gardere v. Brown, supra; Hall v. Doyal, supra. Reliance on hearsay and nothing more shatters the competence and sufficiency of the evidence and undermines the employer's burden of proof. SLU v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983).
We have examined the transcript from the appeals hearing. The only people to testify for the employer were Nurse Kirkham and Ms. Jernigan. Ms. Jernigan's testimony was completely hearsay. She repeated what Nurse Holtzclaw told her about the unanswered page, the uncollected urine specimen, the bathing that was not done and the chatting in the hall. She conveyed this information to Nurse Kirkham as she later conveyed it to the appeals referee. Nurse Kirkham's testimony about the May 1 incident was even more removed than Ms. Jernigan's. It was second-hand hearsay. She had a stronger connection with the April 26 incident because she had counseled Ms. Credit for it, but the April 26 incident was not the basis of the firing. Nurse Holtzclaw, the person with direct evidence of the alleged misconduct, notably did not testify. The evidence as a whole is subject to attack for competence and sufficiency.
Ms. Credit's direct testimony provides the attack. She claims she did not hear the page; this would explain her failure to answer and to perform the duties Nurse Holtzclaw was trying to assign to her. She also denies she was talking in the hall. She voiced these denials on the day she was fired; thus the employer cannot claim it never knew it would need direct evidence to contradict the claimant.
We are not holding that hearsay testimony is uniformly inadmissible evidence to disqualify a claimant at an administrative hearing. Rather, we reiterate the jurisprudence that the employer may not base its entire case on hearsay when the claimant offers direct, contradictory evidence. Hall v. Doyal, supra; Gardere v. Brown, supra; Wilkerson v. State Dept. of Emp. Sec., 439 So.2d 506 (La.App. 1st Cir. 1983); Henderson v. Adm'r, Dept. of Labor, *1067 Ofc. of Emp. Sec., 488 So.2d 1061 (La.App. 2d Cir.1986).
Accordingly we reverse the judgment of the trial court, of the board of review and of the appeals referee. The claimant is qualified. The case is remanded for calculation and distribution of benefits.
REVERSED AND REMANDED.