FRED W. JONES, Jr., Judge.
An unemployment compensation claimant appealed a district court judgment affirming a denial of benefits by the Board of Review of the Louisiana Division of Employment Security. For the reasons hereinafter explained, we reverse and remand.*
According to the record the claimant, Ray, had been employed by Con Pac, Inc. as a gluing machine operator some four years. In December 1985 claimant was cautioned by the plant manager about smoking marijuana on the job, explaining that an investigation was forthcoming.
A report was later submitted by an undercover informant stating that the claimant had been seen smoking marijuana, during a break, in the plant on February 3, 1986. When the investigation was completed the plant manager called the claimant into his office on March 14, 1986 and eon-fronted him with the charge. Claimant was given an opportunity to resign (and keep the drug information off his work record) or be fired. Claimant chose to resign.
At the administrative hearing the undercover informant who allegedly observed the claimant smoking marijuana on February 3, 1986 was not called to testify. Only the plant manager, Delaney, testified concerning the incident. He stated that the claimant resigned because of the accusation he smoked marijuana on February 3, 1986. Asked if the claimant specifically admitted using marijuana on the date in question, Delaney replied:
“He didn’t specify the date — he just said that — he admitted to me that he had used drugs on the jobsite.”
Queried about this during his testimony at the hearing, the claimant said that his admission related to marijuana use on the job in December 1985 but he didn’t use it thereafter. Asked why he resigned in March 1986, the claimant responded:
“Because I didn’t want that on my record, that I was fired for drug usage.”
The Appeals Referee concluded that the claimant resigned from his job in lieu of accepting a discharge for disqualifying reasons, because he had admitted using drugs on the job. In affirming the finding on appeal, the district court reasoned that Delaney’s testimony concerning claimant’s confessed use of marijuana on the job was sufficient to support the disqualification.
As remedial legislation, the Louisiana Employment Security Law is to be construed liberally and in favor of its beneficiaries, within the bounds imposed by express legislative restrictions. Parker v. Gerace, 354 So.2d 1022 (La.1978); National Gypsum Co. v. Administrator, Dept. of Employment Security, 313 So.2d 230 (La.1975); McCullers v. State Dept. of Labor, Etc., 405 So.2d 631 (La.App. 3rd Cir.1981); Deloume v. Division of Employment Security, Etc., 420 So.2d 1199 (La.App. 5th Cir.1982). This is in keeping with the legislatively declared purpose to relieve econom *728 ic hardship created by unemployment. Craighead v. Administrator, Department of Employment Security, 420 So.2d 688, writ denied, 422 So.2d 154 (La.App. 2d Cir.1982).
La.R.S. 23:1601(2) provides that an employee shall be disqualified from receiving unemployment compensation benefits if he has been discharged for misconduct connected with his employment. “Misconduct” has been defined as an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, disregard of standards of behavior that the employer has a right to expect from his employee, or negligence in such degree or recurrance as to manifest culpability, wrongful interest or evil design. Credit v. Whitfield, 488 So.2d 1064 (La.App. 2d Cir.1986); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985).
The claimant seeking to recover benefits is not required to disprove that he has been discharged for misconduct connected with his employment; rather, the employer has the burden of proving misconduct on the part of the employee by a preponderance of the evidence. Credit v. Whitfield, supra; Ealy v. Sumrall, 401 So.2d 520 (La.App. 2d Cir.1981); Phills v. Doyal, 291 So.2d 444 (La.App. 2d Cir.1974); O’Neal v. Blanche, 482 So.2d 700 (La.App. 1st Cir.1985).
The factual findings of the Board of Review which are supported by sufficient competent evidence must be accepted by a reviewing court, limiting the scope of review to questions of law. La.R.S. 23:1634; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir.1964); Hall v. Doyal, 191 So.2d 349 (La.App. 3rd Cir.1966); Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir.1962). There must be legal and competent evidence to support the factual findings on which the administrative decision turns, however, and the determination must meet “a threshold test of reasonableness.” Banks v. Administrator, of Dept. of Employment, 393 So. 3d 696 (La.1981); Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2d Cir.1979); Evans v. State, Dept. of Employment Security, 292 So.2d 265 (La.App. 2d Cir.1974).
Hearsay, while generally admissible in administrative hearings, is not considered competent evidence, and cannot be considered in determining whether findings of the Board of Review are supported by sufficient evidence. Thigpen v. Administrator, Office of Employment Security, 488 So.2d 1213 (La.App. 4th Cir.1986); Wilkerson v. State, Office of Employment Security, 439 So.2d 506 (La.App. 1st Cir.1983); Dunigan v. Administration of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977).
Courts of this state have consistently set aside administrative decisions based on hearsay evidence alone. In Dubois v. La. Dept. of Labor, Office of Employment Security, 427 So.2d 645 (La.App. 5th Cir.1983), the court held that in absence of the testimony of claimant’s superior who wrote letters, memos, reprimands and suspensions regarding claimant’s tardiness, the testimony of the personnel director, along with the introduction of these documents at the hearing, was not sufficient competent evidence enabling the employer to carry its burden of proving claimant’s misconduct. In Credit v. Whitfield, supra, this court held that an employer may not base its entire case on hearsay when claimant offers direct, contradictory evidence. There, a nurse’s aide who had been fired sought unemployment benefits. Only hearsay testimony regarding the alleged misconduct was offered by the employer at the hearing. One of the claimant's supervisors testified that a Nurse Holtzclaw had related to her certain acts of misconduct allegedly committed by claimant. The testimony of another of claimant's supervisors was even further removed. It was second-hand hearsay consisting of what Nurse Holtzclaw told the first supervisor. While this second supervisor had direct knowledge of, and testified to, a prior incident of misconduct, the court took specific note of the fact that the earlier incident was not the basis of the discharge. Nurse Holtzclaw, the only person with personal knowledge of the alleged misconduct which was the basis of the firing, did not testify. Under these circumstances, the court held the evidence as a whole subject to attack for competence and *729 sufficiency, which claimant’s direct contradictory testimony provided.
In reaching its decision, the court relied on earlier jurisprudence (cited above) establishing that an Appeals Referee or Board of Review may not base its decision solely on hearsay. Quoting from SLV v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983), the court stated:
“Reliance on hearsay and nothing more shatters the competence and sufficiency of the evidence and undermines the employer’s burden of proof.”
In this case the report of the undercover informant that the claimant was seen smoking marijuana on February 3, 1986 was clearly hearsay and would not, alone, support the finding of disqualification. An admission by the claimant to the plant manager that he had used marijuana on the job after the December 1985 incident would have been competent evidence. However, that this admission was made is open to serious doubt. The plant manager’s testimony was simply that the claimant admitted having smoked marijuana on the job. The claimant said this referred to the December 1985 occasion.
The above does not constitute the “sufficient competent evidence” required to support a finding of disqualification for unemployment compensation benefits.
A remand for another administrative hearing is permitted when the parties have made a reasonable effort to discharge their burdens but the court concludes it is not possible to make a determination based on the evidence contained in the record. Lee v. Brown, supra. However, in this case we cannot say that the employer made a reasonable effort to discharge its burden of proof. It did not offer the testimony of the undercover informant who allegedly observed the claimant smoking marijuana on the job, the detective in charge of the case (who could have vouched for the informant’s credibility), nor any witnesses who could allegedly have corroborated Delaney’s testimony concerning the claimant’s admission to using marijuana after the December 1985 incident.
In summary, we conclude the employer did not discharge its burden of proving the claimant’s disqualifying conduct by a preponderance of the evidence.
For these reasons we reverse the judgment of the district court and remand this matter to the Board of Review for entry of an order declaring claimant to be eligible for such benefits as the law provides, all in accordance with this opinion.
SEXTON, J., dissents with written reasons.
LINDSAY, J., dissents for reasons assigned by SEXTON, J.

This case was assigned to a five judge panel pursuant to La. Const. Art. 5, § 8(B).