BOLIN, Judge.
Dorothy Rawls appealed from a judgment of the District Court affirming a ruling of the Louisiana Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, upholding disqualification of claimant from receiving unemployment benefits.
*19 Plaintiff was employed at Allen’s -Beauty Salon in Shreveport as a shampoo maid. M. E. Allen, owner of the salon, employed several operators who worked for him on a commission basis. Claimant was under the direct supervision of the operators; however the record shows Mr. Allen had authority to employ and to dismiss her. He also paid her wages out of the amount which he had withheld from his beauty operators.
After Dorothy Rawls had reported to work one Saturday morning Mr. Allen discharged her and she, in due course, applied for benefits with defendant agency, which were denied on the ground she was guilty of misconduct under the relevant section of the statutes. When the case was heard before the appeals referee, the only testimony was that of Mr. Allen and Dorothy Rawls. He testified he dismissed the claimant because she had been late to work on innumerable occasions and that he previously had warned her about this tardiness but to no avail. She contradicted his testimony, saying she had only been late for work on two occasions within the past two years, and gave a different version of why she was discharged. After listening to this contradictory testimony, the appeals referee rendered the following opinion insofar as it relates to the question of misconduct and tardiness:
“R.S. 23:1601(2) of the Louisiana Employment Security Law provides that a claimant shall be disqualified when discharged for misconduct connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and separation from such employment must be under non-disqualifying circumstances.

The claimant has failed to present further evidence to change the determination of the Agency. The evidence presented by the employer shows that he was justified in dismissing the claimant because of her repeated tardiness. This failed to improve after repeated warnings. It is held that this is willful disregard of her employer’s interest, and is misconduct connected with the employment.”
The appeals referee gave an additional reason for disqualifying the applicant, but since we are of the opinion the evidence of tardiness was sufficient to justify the ruling we will pretermit any discussion of the validity of the second cause assigned for refusing benefits.
It is well settled that, viewed in the light of all the circumstances, repeated acts of tardiness by an employee may constitute misconduct in connection with his work such as to justify disallowance of a claim for benefits under the provisions of LSA-R.S. 23:1601(2). See Chapman v. Division of Emp. Sec. of Dept. of Labor (La.App. 2 Cir., 1958) 104 So.2d 201; January v. Administrator, Division of Employ. Sec. (La.App. 3 Cir., 1963) 155 So.2d 250. The question, therefore, narrows to whether or not the record before us supports the finding of the appeals referee and the board of review that Dorothy Rawls was guilty of chronic tardiness during her employment. In reviewing the record to determine this factual question, we are guided by LSA-R.S. 23:1634 which provides in part as follows:
“ * * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * * ”
The scope of the review power of the appellate courts as related to the cited statute has been the subject of several cases in our appellate courts including the following: McGinnis v. Moreau (La.App. 3 Cir., 1963) 149 So.2d 188; Turner v. Brown (La.App. 3 Cir., 1961) 134 So.2d 384 and Gatlin v. Brown (La.App. 2 Cir., 1963) 154 So.2d 224. Without giving detailed analyses of *20 the holdings of the above cited cases, it can generally be said our courts have declared it is the duty of the appellate courts to review the evidence introduced before the administrative agencies in order to determine whether there is “sufficient” evidence to support the factual findings.
The testimony in this case is irreconcilable in that Mr. Allen stated Dorothy Rawls was guilty of repeated acts of tardiness, while she contended she was tardy only twice in two years. From our review of the record, we are unable to say there was not sufficient legal evidence to support the findings of the administrative agencies. We likewise agree that under the circumstances here involved, this tardiness amounted to misconduct and for this reason we affirm the ruling that claimant was not entitled to the benefits under the act.
For the reasons shown the judgment appealed from is affirmed at appellant’s cost.
Affirmed.