BIENVENU, Judge.
This is an appeal from a judgment of the district court affirming a decision of the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, wherein the claimant, Joe Flemmons, was denied unemployment compensation benefits on the ground that he had been discharged by his employer, Boise Southern Company, for misconduct connected with his employment.
The record shows that on October 11, 1979, plaintiff was discharged from his employment by Boise Southern Company. He filed a claim for unemployment compensation benefits on December 14, 1979 and was found to be qualified to receive them by the Office of Employment Security. The employer appealed, and following a hearing, the Appeals Referee reversed the agency’s determination and found that plaintiff was disqualified for benefits because he had been discharged as a result of misconduct connected with his employment. Plaintiff appealed to the Louisiana Board of Review, which affirmed the Tribunal’s determination. He subsequently filed this suit for judicial review, and the district court affirmed the decision of the Board of Review.
Plaintiff raises three issues on appeal: (1) Whether he was given proper notice of the reason for his discharge prior to the hearing before the Appeals Referee; (2) Whether *563 the Board of Review’s decision is supported by sufficient evidence; and, (3) Whether Boise Southern discriminated against him in discharging him for absenteeism. We find the first issue to be dispositive of the case.
Plaintiff argues that he was not afforded a fair hearing before the Appeals Referee. He complains that he was not able to prepare an adequate defense because the notice that he was given prior to the hearing did not sufficiently apprise him of the issues that would be decided.
We note at the outset that the district court apparently did not consider this issue because plaintiff did not raise it in that court. Defendant argues that having failed to raise the issue in the district court, plaintiff is estopped to raise it on appeal.
In Devillier v. City of Opelousas, 247 So.2d 412 (La.App. 3rd Cir. 1971), this court expressed the applicable rule as follows:
“Ordinarily, issues not passed on by the trial court are not reviewable by the appellate court. Nevertheless, the appellate court in discharging its duty to render a judgment which is just, legal and proper upon the record, has authority to consider any legal point or theory presented in the case, when the record contains all the evidence necessary to determine the question, even though no ruling was made on that issue by the trial court. LSA-C.C.P. Art. 2164, and comment (a) under that article; Blanchard v. Ogima, 200 So.2d 374 (La.App. 4 Cir. 1967); Norman v. City of Shreveport, 141 So.2d 903 (La.App. 2 Cir. 1962); Ohanna v. Ohanna, 129 So.2d 249 (La.App. 4 Cir. 1961); Williams v. American Employers’ Insurance Co., 10 So.2d 516 (La.App. 1 Cir. 1942).”
See also Robinson v. Allstate Insurance Company, 267 So.2d 257 (La.App. 3rd Cir. 1972).
Under this rule of appellate review, we find that the present case falls within the purview of LSA-C.C.P. Art. 2164, which requires appellate courts to “render any judgment which is just, legal and proper upon the record on appeal.” Our review of the record has shown that it contains all of the evidence necessary to decide the issue of the sufficiency of the notice, and we believe that the ends of justice would be served best by our doing so. We will therefore consider the merits of plaintiff’s argument.
The record shows that on October 30, 1979, plaintiff’s employer filed with the agency a “Separation Notice Alleging Disqualification”, which notice serves as the “charge” that plaintiff is disqualified for benefits. In that notice, the employer stated that the reason for separation was “abandonment of job”. The record also contains an official notice to appear for the hearing before the Appeals Referee in which it is stated:
“The issue(s) before the Referee are the correctness of the following:
ALLEGED GROUNDS FOR DISQUALIFICATION OR INELIGIBILITY:
The claimant was discharged from his job because of absenteeism due to the necessity of caring for a member of his family who was ill. He gave proper notice and indicated no other arrangements could be made. His discharge was not due to misconduct connected with his employment.” (emphasis added.)
At the hearing, plaintiff testified that he left work on October 11, 1979 in order to care for his father, who was ill. He testified that he left the job at noon after giving notice to his supervisor during the morning break. Plaintiff’s supervisor, the only other witness who testified at the hearing, contradicted that testimony. He acknowledged the fact that plaintiff had informed him of his need to leave at noon. However, according to his supervisor, plaintiff walked off the job shortly after the 9:30 a. m. break, after refusing to perform work that had been assigned to him.
After the hearing, the Appeals Referee reached the following conclusions:
“From the evidence and facts presented it is concluded that the claimant had been instructed to get on the Skinner and take his turn on the machine as they had two drivers and only one machine to work. It is further concluded that when *564 the claimant told his Supervisor that he was not going to do it and turned and walked off the job, he was discharged for failing to perform the work assigned and his discharge was due to his own misconduct connected with his employment and under disqualifying conditions.” (emphasis added.)
It is clear from his opinion that the referee based plaintiff’s disqualification solely upon his failure to perform work assigned to him and not upon his “absenteeism”, the issue that plaintiff was notified to refute or defend by the notice to appear for the hearing.
It is well settled in the jurisprudence that a claimant may not be denied unemployment compensation benefits on the basis of a charge of misconduct that he was not given notice of prior to the hearing. Calhoun v. Administrator of Department of Employment Security, 390 So.2d 912 (La. App. 2nd Cir. 1980); Goff v. Administrator of Division of Employment Security, 157 So.2d 268 (La.App. 3rd Cir. 1963); Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir. 1962); King v. Brown, 115 So.2d 405 (La. App. 2nd Cir. 1959). As this court observed in Lee v. Brown, supra,
“The statutory provisions that a claimant be given notice and a fair hearing require a reasonable and substantial compliance with the principle of due process of law, including that the claimant be given prior notice of definite, certain, and specific disqualifying causes, which cannot be sufficiently proved by vague, uncertain, and indefinite testimony, or by testimony as to incidents other than those with which the claimant is charged by the prior formal notice.”
Applying those principles to the facts of this case, we conclude that the denial of benefits to plaintiff was improper, because he was not given adequate notice prior to the hearing. The more difficult question, which remains to be decided, is how to rectify this impropriety.
A judgment in plaintiff’s favor, declaring that he is qualified to receive benefits, would certainly eliminate the harmful effects of the unfair hearing. However, contrary to plaintiff’s other arguments on appeal, we find the evidence in the record sufficient to support the referee’s finding that he was discharged for misconduct connected with his employment. In view of the fact that plaintiff might not have been able to successfully refute that evidence even if he had been given proper notice, we find that it would be patently unfair to defendant to simply reverse and direct the payment of benefits. Rather, we have concluded that this is one of those relatively rare instances in which a remand for a new hearing should be ordered. In this regard, the instant matter is different from that of Banks v. Administrator of the Department of Employment Security, et al., 393 So.2d 696 (1981), wherein our Supreme Court reversed and felt a new hearing was unnecessary since, in addition to the legal defect, the evidence did not show disqualifying misconduct. The opposite situation obtains here.
In so deciding, we are not unmindful of the fact that the aim of the unemployment compensation statue is to alleviate financial hardships caused by unemployment and that the statutory scheme of the enactment calls for prompt disposition of claims and prompt payment of benefits if due. Lee v. Brown, supra. We also note, however, that the delay in resolving this matter has been largely due to plaintiff’s failure to raise the issue of the sufficiency of the notice in the early stages of these proceedings. Taking all of these factors into consideration, we have concluded that remanding this matter for a new hearing would not be unfair to plaintiff.
For the foregoing reasons, the judgment of the district court is reversed at the cost of the defendant, and this claim is remanded to the administrative agency for a new hearing with proper notice of the issues to be decided.

REVERSED AND REMANDED.