SCHOTT, Judge.
Plaintiff, claiming unemployment compensation benefits, has appealed pursuant to LSA-R.S. 23:1634 from a judgment of the district court affirming the decision of the Board of Review and Appeals Referee disqualifying him for benefits.
*15 Plaintiff was fired by his employer, Dixie Mills Supply Company Inc., on August 27, 1980, because he “could not be found in warehouse.” He was notified by the agency of his disqualification for unemployment benefits for the stated reason that: “You were discharged from your employment because of sleeping while on duty.” He took an appeal to the Appeals Referee and was served with a notice of the hearing which charged: “The claimant was discharged from his job for sleeping while on duty, which is misconduct connected with the work.” A hearing was conducted before the referee who affirmed the disqualification with the following findings:
“The facts and evidence presented at the hearing show that the claimant was discharged from his job because he could not be found for approximately two hours on the afternoon of August 27, 1980.' Although there may have been no work that needed the claimant’s immediate attention when he returned from lunch, the fact remains that the employer attempted to locate the claimant in the warehouse and pipe yard. It is concluded that the claimant’s discharge from employment was due to misconduct connected with the employment.”
There was no evidence that plaintiff was sleeping on the job. The evidence does show that he was in a truck in the warehouse yard waiting to be called to duty and that his co-worker and supervisor were looking for him in the warehouse. Even though he may not have been sleeping he was clearly guilty of misconduct in failing to be where he should have been and failing to respond to the call of duty which he should have heard.
Nonetheless principles of fundamental due process require that a claimant for unemployment compensation benefits be given a notice of the specific misconduct with which he is charged and for which he was disqualified, and the failure of providing such a notice warrants the reversal of the determination of disqualification. Banks v. Administrator of the Dept. of Employment, 393 So.2d 696 (La.1981) King v. Brown, 115 So.2d 405 (La.App. 2nd Cir. 1959). Because of this procedural defect claimant is entitled to a new hearing before the Appeals Referee.
However, claimant contends that he is entitled to an order reversing his disqualification because the burden of proof was on the employer to prove disqualifying misconduct, and it failed to carry that burden as in Banks v. Administrator of the Dept. of Employment, supra. This case is distinguishable from Banks in this respect: All of the evidence produced by the employer at the hearing supports the inference that if claimant was not sleeping on the job as he was charged he was deliberately ducking work while he sat in the truck knowing that his co-worker and supervisor were looking for him. We likewise distinguish this case from Landry v. Dept. of Employment Security, 272 So.2d 792 (La.App. 3rd Cir. 1973) in which the court held that the misconduct of a claimant in going to his employer two hours before his scheduled employment to report that he was unable to work that day because he had been drinking the night before did not justify denial of unemployment benefits. In the instant case the only logical inference from the evidence is that the claimant was on the premises hiding from those looking for him to assign work (unless he was sleeping in the truck) — surely disqualifying misconduct.
Accordingly, the judgment appealed from is reversed and set aside. The determination by the Board of Review of plaintiff’s disqualification is reversed because of improper notice to claimant, and the case is remanded to the Appeals Referee for a new hearing pursuant to proper notice being served on plaintiff.
REVERSED AND REMANDED.