439 So.2d 506 (1983)
Patricia Ann WILKERSON
v.
STATE of Louisiana, OFFICE OF EMPLOYMENT SECURITY, et al.
No. 82 CA 1069.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*507 Sylvia R. Cooks, Lafayette, for plaintiff-appellant Patricia Ann Wilkerson.
James McGraw, Baton Rouge, for defendant-appellee Office of Employment Sec., Dept. of Labor, State of La.
James Caldwell, Jonesboro, Ann Metrailer, Baton Rouge, for defendant-appellee State of La., Dept. of Health & Human Resources, Office of Health Services.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a denial of unemployment benefits.
Plaintiff, Patricia Ann Wilkerson, was employed as a Practical Nurse II by the State of Louisiana, Department of Health and Human Resources (DHHR) in Baton Rouge. In a letter dated February 11, 1981, Dr. Harold A. Heitkamp, an assistant secretary with the department, informed Mrs. Wilkerson that she was being terminated effective February 18, 1981, for "frequent and unplanned absenteeism and tardiness."
Thereafter, plaintiff applied to the Office of Employment Security for unemployment benefits. That office determined that she was eligible to receive benefits and she was so notified. DHHR, plaintiff's former employer, requested an appeal hearing before a referee. All parties received a "Notice to Appear for Hearing" which stated that the issue before the referee was the correctness of the following: "The claimant was discharged due to excessive absence due to illness. She always notified the employer. Discharge was not for misconduct connected with the work."
At a hearing held on April 23, 1981, DHHR attempted to introduce evidence regarding plaintiff's tardiness, plaintiff objected noting that she had no advance notice that tardiness would be an issue. As a result of this objection, the referee granted a continuance until May 4, 1981, and a second "Notice to Appear for Hearing" was mailed. The second notice stated the issue before the referee was the correctness of the following: "The claimant was discharged from employment because of excessive absenteeism and chronic tardiness. The discharge was for misconduct connected with the work." At the hearing on May 4, 1981, DHHR presented its case; however, plaintiff, who had not received timely notification, was not present. A decision disqualifying plaintiff from receiving benefits was rendered by the referee on May 5, 1981; plaintiff appealed this decision to the 19th Judicial District Court. On June 9, 1981, the district court ordered the "matter be remanded to the Board of Review, Office of Employment Security, ordering an additional hearing be held before an appeals referee with proper notice to all parties of all issues." However, without holding a hearing as ordered by the district court, the Board rendered a decision on July 17, 1981 affirming the denial of benefits.
*508 Plaintiff again appealed to the 19th Judicial District Court requesting a hearing date with proper notice. The court again ordered a hearing to be held with proper notice given to all parties. A hearing was held on December 7, 1981, and the Board rendered an opinion on February 16, 1982, finding that plaintiff was disqualified for unemployment benefits. Plaintiff then appealed the decision to the 19th Judicial District Court. The district court affirmed the decision of the Board of Review and dismissed plaintiff's suit. Plaintiff then filed this appeal.
Plaintiff assigns the following errors:
(1) the referee erred in allowing the testimony of Ms. Noble and in allowing the introduction of the termination letter by Dr. Heitkamp as both were inadmissible hearsay;
(2) the referee erred in allowing DHHR to assert the issue of tardiness;
(3) the referee erred in allowing the transcript of the May 4th hearing to be introduced into the record of the December 7th hearing; and,
(4) the decision denying plaintiff unemployment benefits is wrong as a matter of law as there is not "sufficient evidence" to support the decision.

ASSIGNMENT OF ERROR NO. 1
Plaintiff argues that the referee erred in allowing the testimony of Ms. Noble (plaintiff's supervisor) at the April 23rd hearing and in allowing the introduction of the termination letter signed by Dr. Heitkamp contending both were inadmissible hearsay.
The usual rules of evidence need not apply to an administrative hearing and therefore hearsay is admissible. LSA-R.S. 23:1631; Hall v. Doyal, 191 So.2d 349 (La. App. 3rd Cir.1966). Nevertheless, the factual findings of an administrative agency must be based on legal and competent evidence. Hearsay is not considered competent evidence and cannot be used in determining whether the findings of a Board of Review are supported by "sufficient evidence" as required by LSA-R.S. 23:1634; Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983).
At the December 7, 1981 hearing, Ms. Sylvia Carrio, plaintiff's immediate supervisor, testified as to written and verbal warnings she had personally given to the plaintiff. It is clear that the findings of the Board are not based on hearsay, but on the competent testimony of Ms. Carrio. Therefore, plaintiff's objection concerning both the testimony and the letter is without merit.

ASSIGNMENT OF ERROR NO. 2
Plaintiff argues that the referee erred in allowing DHHR to assert the issue of tardiness because the original Notice to Appear for Hearing referred only to discharge due to absenteeism.
The principles of fundamental due process require that a claimant for unemployment benefits be given prior notice of definite, certain, and specific misconduct for which he was disqualified. Beverly v. Sumrall, 408 So.2d 14 (La.App. 4th Cir. 1981); Flemmons v. Administrator, Office of Sec., 401 So.2d 561 (La.App. 3rd Cir. 1981).
At the initial hearing on April 23, 1981, plaintiff objected to the lack of notice regarding the tardiness issue, and as a result of plaintiff's objection the referee granted a continuance. A second Notice to Appear for Hearing, which listed plaintiff's absenteeism and tardiness as grounds for misconduct, was issued and a hearing was held on December 7, 1981. At the time of the December hearing, plaintiff was aware of all charges relating to her termination and was allowed to present evidence. The facts as stated above indicate that plaintiff was given adequate notice of all charges prior to the hearing on December 7, 1981, and was, therefore, afforded due process.

ASSIGNMENT OF ERROR NO. 3
Plaintiff argues that the referee erred in allowing the transcript of the May 4th hearing to be introduced as an exhibit and entered *509 into the record of the December 7th hearing. Plaintiff contends that she did not receive timely and proper notification of the May 4th hearing, was not present at the hearing, and therefore the use of the transcript of the hearing violated her right to procedural due process.
We do not see how the mere introduction of the May 4th transcript into the record violated plaintiff's rights. The only witness present at the May 4th hearing was Ms. Noble. It is clear that the testimony she gave at the earlier hearing was not relied upon by DHHR as she also appeared as a witness at the December 7th hearing. At that time, she testified and was then cross-examined by plaintiff's counsel. We find no merit in plaintiff's assignment of error on this point.

ASSIGNMENT OF ERROR NO. 4
Plaintiff argues that DHHR failed to prove that she was discharged because of misconduct connected with her unemployment. In support of this contention plaintiff points to the failure of Dr. Heitkamp to testify at the hearing.
We note at the outset that the scope of judicial review for cases arising under Louisiana Employment Security Law is limited by LSA-R.S. 23:1634 which states in part:
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."
According to LSA-R.S. 23:1601(2), an individual shall be disqualified for benefits when it is determined that "he has been discharged ... for misconduct connected with his employment." Misconduct has been defined as "an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect of his employee." Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir.1982).
The Board of Review stated in its opinion that claimant's discharge was due to excessive absenteeism and tardiness and that this constituted misconduct connected with employment within the meaning of the Act. The trial court, upon reviewing the Board's decision, held that although absenteeism due to illness was not "misconduct" so as to disqualify plaintiff from receiving benefits, plaintiff's repeated acts of tardiness were sufficient grounds for disqualification.
Repeated acts of tardiness are sufficient misconduct to deny an individual unemployment benefits. See Rawls v. Brown, 165 So.2d 18 (La.App. 2nd Cir.1964), and Persley v. Brown, 160 So.2d 437 (La.App. 2nd Cir.1964), in which decisions denying benefits due to tardiness were affirmed. Compare Vernon v. Seitz, 399 So.2d 723 (La.App. 1st Cir.1981) in which the court affirmed the granting of benefits where the employer merely verbally corrected the employee on two or three occasions.
The evidence introduced into the record includes the following:
(1) Performance Evaluation Sheet, dated January 13, 1975, which states: "A greater effort to report to work on time has been suggested to her."
(2) Performance Evaluation Sheet, dated January 24, 1977, which states: "She has shown improvement in reporting to work on time."
(3) Service Rating Report, dated May 4, 1978, which states: "There is still need for improvement in reporting to work on time."
(4) Service Rating Report, dated April 1, 1980, which states: "Improvement is needed in attendance. Less absenteeism and reporting to work on time. Also improving attitude within the clinic."
(5) A memo written by Ms. Carrio, dated June 5, 1980, which states: "Today Miss Patricia Wilkerson reported to work at 8:23 a.m. I told her I needed to talk with her about her continuously reporting to work late. She became very angry and hollowed (sic) to me that I discriminated against her. Her attitude was awful and [she] kept hollowing (sic) discrimination. *510 She then asked to sign a leave slip saying she was going home because she was not feeling well. This she did and left at 8:30 a.m."
Regarding the issue of plaintiff's tardiness, the Board stated in its opinion:
"[T]he claimant was tardy on many occasions and was counselled accordingly; however, the claimant became non-receptive to such counseling and her attitude developed into resentment toward her supervisor. The claimant would get extremely angry and upset, and instead of attempting to work her problem out, the claimant would leave the job and go home."
We note at this point that plaintiff's assertion that the failure of Dr. Heitkamp to testify is somehow fatal to DHHR's case is without merit. Concerning this issue the trial judge stated in his written reasons for judgment that "it is evident that his [Dr. Heitkamp's] testimony would have been based totally upon the communications received from the plaintiff's supervisors, Ms. Noble and Ms. Carrio, who each testified from personal knowledge regarding claimant's tatdiness (sic)." We agree.
The plaintiff admitted during the hearing that she was often late for work and that she was counselled several times regarding tardiness. In addition, she testified that she was aware of the "Service Rating Reports" regarding her frequent tardiness.
Plaintiff was repeatedly tardy for work and was repeatedly warned about her tardiness. The action of the plaintiff in continuing to report late for work, despite the warnings given to her by her supervisor, constitutes a willful and intentional disregard of her employer's orders and amounts to misconduct.
After a review of the record we find that based on the issue of tardiness, there was sufficient evidence to find plaintiff guilty of misconduct, and thereby deny her benefits. Therefore, the decision of the District Court, the Board of Review and the hearing referee denying plaintiff unemployment benefits, is affirmed. Costs on appeal are to be paid by plaintiff-appellant.
AFFIRMED.