535 So.2d 1169 (1988)
Donald BRAGGS, Appellant,
v.
ADMINISTRATOR, LOUISIANA OFFICE OF EMPLOYMENT SECURITY, et al., Appellees.
No. 20132-CA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
*1170 Caldwell & Caldwell by James D. Caldwell, Jonesboro, for appellant.
Bernard J. Francis, Sr., Louisiana Office of Employment Sec., Baton Rouge, for appellees.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
JASPER E. JONES, Judge.
This is an unemployment compensation case. The plaintiff is Donald Braggs. The defendants are the Louisiana Office of Employment Security and Willamette Industries, plaintiff's former employer. The plaintiff appeals from the district court judgment affirming the Board of Review determination that the plaintiff is ineligible to receive unemployment compensation benefits. We affirm.
The claimant, Donald Braggs, was fired from his employment as a dryer feeder at Willamette Industries on March 25, 1987. The appeals referee found the plaintiff's discharge was for misconduct connected with the employment. The Board of Review affirmed this determination.
The claimant appealed to the district court. The district court remanded the matter to the Board of Review for the purpose of taking additional evidence on whether the employee was fired pursuant to the terms of the union contract. A second hearing was conducted before the appeals referee for this purpose and the appeals referee thereafter determined the claimant was fired according to contract guidelines. The Board of Review and the district court affirmed. The claimant now appeals from the district court judgment.
The appeals referee made the following findings of fact as reflected from the opinion contained in the record. The claimant was employed at Willamette Industries as a dryer feeder earning $7.62 per hour. The claimant had worked for Willamette on more than one occasion.[1] His last tenure there began in October of 1984 and ended March 23, 1987. Prior to his termination, the claimant reported to work late on several occasions. Plant Superintendent Russ Stoppelworth testified at the hearing the claimant was late eight workdays in October and November of 1986.[2] On November *1171 26, 1986, the claimant was again late to work and received his first written warning notice concerning this infraction. On December 10, 1986 the claimant received his second written warning for tardiness. The claimant received his third written warning on February 19, 1987 and was given a five day suspension for coming in late to work. On March 23, the claimant repeated his previous violations and was sent home pending an investigation. On March 25, 1987, Superintendent Stoppelworth discharged the claimant from his employment.
These written warnings, discussed infra, were issued to this claimant pursuant to the terms for discharge contained in a union contract entered into between Willamette Industries and the local Plywood Workers Union. The appeals referee made the factual determinations the claimant was tardy on the stated dates and the claimant was discharged in accord with the separation procedures outlined in the union contract. The appeals referee concluded the claimant's actions constituted misconduct under LSA-R.S. 23:1601 and rendered him ineligible to receive unemployment compensation benefits under the statutory scheme.
At the hearing the evidence submitted concerning the claimant's tardiness was uncontroverted. The claimant's objection to his termination is related to the manner in which he was discharged from employment. The claimant's argument in effect is because he was not discharged according to the terms of the union contract he cannot thereafter be considered as having committed misconduct disqualifying him from receiving unemployment compensation benefits pursuant to statute.
Judicial review of unemployment compensation cases is governed by the provisions of LSA-R.S. 23:1634 which provide in pertinent part:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
The reviewing court is faced with a two-part inquiry. First, was there sufficient evidence to support the factual findings made by the Board of Review, and second, whether the decision of the Board of Review is correct as a matter of law.
LSA-R.S. 23:1601 states an individual shall be disqualified from receiving unemployment compensation benefits if the administrator finds that he has been discharged for misconduct connected with his employment. Misconduct sufficient to disqualify a claimant from receiving unemployment compensation benefits results from an act of wilful or wanton disregard of the employer's interest, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Pilgrim Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3d Cir.1976). Repeated acts of tardiness are sufficient misconduct to deny an individual unemployment compensation benefits. Wilkerson v. State Office of Employment Security, 439 So.2d 506 (La.App. 1st Cir.1983). Rawls v. Brown, 165 So.2d 18 (La.App. 2d Cir.1964); Persley v. Brown, 160 So.2d 437 (La.App. 2d Cir.1964). Finally, the employer has the burden of establishing the disqualifying misconduct of the employee by a preponderance of the evidence. Neal v. Whitfield, 476 So.2d 911 (La.App. 2d Cir.1985).
The claimant herein was repeatedly late to work over the course of five months. He was reprimanded orally and in writing on several different occasions and yet continued to demonstrate this infraction of the employer's rules. Excessive tardiness constitutes misconduct under LSA-R.S. 23:1601 and on this factual finding alone the claimant is not entitled to compensation benefits as a matter of law.
The claimant urges on appeal the employer failed to prove he was discharged in accordance with the union contract and hence has failed to prove that the claimant was guilty of misconduct disqualifying him as a recipient of unemployment benefits.
*1172 The claimant's argument is incorrect for two reasons. First, we conclude the appeals referee's factual determination that claimant was discharged in accordance with the union contract is supported by sufficient evidence. The pertinent portions of the union contract are contained in the record. The separation procedures reflected therein require the employer to issue three written warnings to the employee as a predicate for discharge. Each must reflect the basis for issuance and the disciplinary action that will be taken if the behavior is not corrected. A written warning remains in effect and on the employee's record for a period of ninety calendar days and becomes ineffective if the employee does not receive any further warnings within the ninety day period. Superintendent Stoppelworth related at the first hearing a second warning received within ninety days of a previous warning keeps the first warning effective for an additional ninety days. A third warning received within this 180 day period maintains the two previous warnings on the employee's record for an additional ninety days. Whenever an employee has three active warning notices on his record, and he commits a subsequent infraction of the employer's rules, he is subject to immediate discharge from employment.
The claimant herein argues he did not have three active warnings on his record at the time of his discharge. The claimant points to the written warning of November 26 and complains although it states he reported late to work it does not state the action to be taken for this infraction. The second warning states the employee was late for work and instructs him to be on time or risk loss of employment. The third written notice states the employee was late to work and quotes as disciplinary action a five-day suspension. The claimant argues because the first notice does not specify the disciplinary action to be taken it is not complete and therefore inactive and cannot be considered as one of the mandatory three.
We disagree with the claimant's contention regarding the first notice. The November 26 warning issued the claimant states the employee's infraction. It is signed by the claimant's supervisor Mark Noles and shop steward Amos Marshall in accord with the contractual requirements. The document is styled "NOTICE OF WARNING" and states the claimant's name beneath this title.
This document by its terms put the claimant on notice that the infraction was reported on the claimant's work record. No other inference can be drawn but that further disciplinary action would be taken for a subsequent violation of the rules. The appeals referee's ruling on this factual issue reflects a determination the employer substantially complied with the contractual provisions in the issuance of the notice and our review reveals sufficient evidence contained in the record to support this determination.
All three notices were in effect at the time of the claimant's discharge. The December 10 notice was issued within ninety days of November 26, maintaining both notices as active ninety days past December 10, and the third notice issued February 19, within this second ninety day period, maintained all three in effect for an additional ninety days past February 19. The claimant was discharged March 26 for an infraction of employer's rules while he had three active written warnings on his record. The claimant was therefore properly discharged under the union contract, as determined by the appeals referee.
Second, the claimant's argument is incorrect because his employer's lack of compliance with these separation procedures may not preclude a finding that the claimant is ineligible for unemployment compensation benefits under LSA-R.S. 23:1601. The statute renders the employee ineligible for these benefits whenever he has committed misconduct connected with his employment. Misconduct has been jurisprudentially defined and whether an employee has committed misconduct of this disqualifying nature is determined on a case-by-case basis. The actions of the employee are relevant to this determination. Although the employee may have a cause of action against his employer for the employer's failure to comply with the terms of employment regarding separation procedures, the employer's failure to so comply *1173 does not give rise to the conclusion that the employee has not committed actionable misconduct.[3] Facts which indicate the claimant acted in wilful or wanton disregard of the employer's interest are sufficient to disqualify the claimant from receiving unemployment compensation benefits. Pixley v. Blache, 488 So.2d 1126 (La.App. 2d Cir.1986). The factual findings in this case indicate the claimant was late to work an excessive number of times in contravention to his employer's interest. Such actions amount to wilful misconduct sufficient to preclude the claimant from receiving unemployment compensation benefits.
We conclude the factual determinations of the appeals referee are supported by sufficient evidence and the claimant is not entitled to receive compensation benefits. We affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] The claimant was terminated in 1979 for tardiness after warning and was rehired by Willamette in 1984.
[2] Russ Stoppleworth, Plywood Plant Superintendent at the Ruston Division of the employer's facilities, testified in 1987 claimant was late to work on 10/20, 10/21, 10/25, 10/29, 11/08, 11/17, 11/22, and 11/24, prior to receiving his first written warning.
[3] If this were true, the reverse would also be valid. The employee's one unexcused absence for which in other terms of employment he could be discharged would also give rise to the presumption that he had committed misconduct disqualifying him from benefits. This is in contravention to jurisprudence recognizing an employee may still be eligible for unemployment compensation benefits where he has validly been discharged from employment. See Randle v. Administrator, Louisiana Office of Employment Security, 499 So.2d 488 (La.App. 2d Cir. 1986); Pixley v. Blache, supra.