REID, Judge.
This is an appeal by the Administrator of The Division of Employment Security from a judgment of the District Court rejecting a ruling of the Louisiana Board of Review in connection with the claim for unemployment compensation benefits filed by Mrs. Audrey M. Kelley.
The facts show that Mrs. Kelley, an employee of Southern Bell Telephone and Telegraph Company, obtained a maternity leave for a period of one year. She notified the Company when she was ready to return to work shortly before the expiration date of this leave, but learned there were no openings available for her at that time. She then requested and obtained an extension of one year to her leave so as to enable her to protect her rights to reemployment and seniority.
Mrs. Kelley contacted several prospective employers seeking employment but was unable to obtain work. She then registered for work at the Louisiana State Employment Office, and applied for unemployment benefits. The Employment Office rejected her claim and determined she was not available for work because she was limiting her availability to her former employer only.
She then appealed to the Appeals Referee, stating she was available for suitable employment. The Appeals Referee rendered a decision affirming the determination of the Agency. Mrs. Kelley then appealed to the Board of Review who rendered a decision affirming the decision of the Referee.
Following that, Mrs. Kelley filed a suit in the District Court, which, in turn, rendered a decision reversing the Louisiana Board of Review and remanded the matter to the Administrator for further proceedings in accordance with the decision of the Court.
It is from this decision that the defendant prosecuted this appeal.
The question in this appeal is whether Mrs. Kelley was available for work within the meaning of LSA-R.S. 23:1600(3). This section reads as follows: “He is able to work and is available for work.”
There have been no cases in our jurisprudence interpreting this section. Appellant bases his entire case on the interpretation placed on the phrase “available for work”, by decisions of other Courts and especially the case of Florida Industrial Commission v. Ciarlante, Fla., 84 So.2d 1. Plaintiff claims the Florida Statute contains the same provisions as the Louisiana Act. This case holds, in substance, “avail *593 ability” should be evidenced by something more than the mere registration with an employment agency and an expressed willingness to work. It further holds that a claimant should show that he actually, although unsuccessfully, sought work as a condition precedent to eligibility for benefits under the Act.
In the Florida case the facts show the employee claimant was a seasonal worker and had always worked only four or five months during the winter, and was always “laid off” in the summer. The evidence in this case shows without rebuttal that Mrs. Kelley had made two applications seeking employment before registering with the Louisiana State Employment Office. While the Appeal Board rejected her claim because she had restricted her availability to work with her former employer there is no evidence in the record to substantiate this. Mrs. Kelley was the only witness who testified at the hearing and she stated positively that she was available for work, and would take any position offered her for which she was qualified.
While we agree with the Florida case that mere registering with the Unemployment Office is to show applicant’s availability, we believe that Mrs. Kelley made a reasonable effort to obtain work before filing her claim with the Department. Had the Employment Office obtained a position for her and she refused to take it this would show she was restricting her availability but there is no evidence in the record of this being the case.
The law does not set up any standards or guides that the Administrator or the Court can use in determining how great an effort a claimant must exert to find employment, either as a condition precedent, or after an application has been filed. We, therefore, do not see how the complainant, Mrs. Kelley, could be penalized under the circumstances in this case.
One of the purposes of the Unemployment Act is to assist people in obtaining employment, when they are unable to do so themselves. There is no evidence in the record the claimant refused work after she had been directed to an employer as an employee.
While we appreciate the law that the findings of fact by the Board of Review is final if supported by sufficient evidence and in the absence of fraud and the jurisdiction of the Court is confined to questions of law, we are of the opinion that there was not sufficient evidence to show that Mrs. Kelley restricted her application to her former employment.
We are, therefore, of the opinion that the Lower Court is correct and should be affirmed.
Affirmed.