174 So.2d 120 (1965)
247 La. 689
Margie HARGROVE
v.
Richard E. BROWN, Jr., Administrator, Division of Employment Security, Department of Labor, State of Louisiana, et al.
No. 47467.
Supreme Court of Louisiana.
March 29, 1965.
Rehearing Denied May 3, 1965.
C. O. Brown, Alexandria, for plaintiff-applicant.
*121 Thomas W. Sanders, Plauche & Plauche, Lake Charles, Melvin L. Bellar, Marion Weimer, James A. Piper, Baton Rouge, for defendants-respondents.
HAWTHORNE, Justice.
In this matter the plaintiff, Mrs. Margie Hargrove, seeks unemployment compensation benefits under the Louisiana Employment Security Law, R.S. 23:1471 et seq. Her claim was initially rejected by the Division of Employment Security on the ground that she had voluntarily resigned for a cause not connected with her employment. From this ruling she took an appeal to the Appeals Referee, and after a hearing the ruling of the agency was affirmed. Mrs. Hargrove appealed to the Louisiana Board of Review, and that body found no errors in the decision of the referee and ordered his decision to be deemed the decision of the Board of Review. The claimant then sought judicial review, and the judge of the district court for Rapides Parish, without assigning written reasons, reversed the finding and holding of the administrative agencies and awarded plaintiff unemployment compensation benefits. An appeal was taken to the Court of Appeal, Third Circuit, by Southern Maid Paper Company, the employer, and by the administrator of the Division of Employment Security. That court with Judge Tate as its organ reversed the judgment of the district court and dismissed claimant's suit. See 166 So.2d 314. On application of Mrs. Hargrove this court granted a writ of certiorari.
R.S. 23:1634 of the Louisiana Employment Security Law provides:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." See Turner v. Brown, Administrator (La.App.), 155 So.2d 276.
The findings of fact of the Appeals Referee, accepted and adopted by the Board of Review, are as follows:

"FINDINGS OF FACT
"The claimant worked for this employer a period of three and one-half years. She performed the duties of a machine operator and was paid an hourly salary of $1.89. The claimant's husband is afflicted with asthma, her daughter has a sinus condition and her son has bronchitis. The family doctor suggested in the fall of 1962 that the family move to a higher climate primarily due to the affliction of the claimant's husband. The claimant and her husband decided to go to Oklahoma and see if they would be able to relocate in Oklahoma. Prior to leaving Louisiana the claimant resigned her employment as she had reason to believe that they would not return to Louisiana. She did not request a leave of absence. The claimant and her husband went to Oklahoma but were unable to find a place to live that they could afford to buy and so returned to Louisiana. As soon as she returned to Louisiana the claimant reapplied for employment with her former employer but was not rehired because there was no opening at the time she applied."
There is sufficient evidence to support, and in fact the evidence fully supports, the findings of the Board of Review as to the facts set out above. Relator concedes in brief that the facts are undisputed, and does not contend that the facts found by the board are not supported by sufficient evidence. It suffices to say that it was conclusively established that relator resigned her position on June 5, 1963,[1] with the intention *122 of moving to Oklahoma permanently, and that her resignation was for personal reasons. Relator herself testified that she told her employer she was resigning because she was going out of the state. The evidence being sufficient to support the findings of fact, these findings under the plain provision of the statute are conclusive, and the jurisdiction of the court is confined to a question of law.
R.S. 23:1601 provides: "An individual shall be disqualified for benefits: (1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *" Although no one will deny that under the facts found by the Board of Review the employee here had good cause for resigning her employment, this cause was personal and was in no way connected with her employment. To award claimant compensation benefits under the conclusive findings of fact by the board, the court would have to completely ignore and do violence to the statute.
In this case the only issue before the administrative agencies as well as the courts was whether the claimant had terminated her employment without good cause connected with her employment, and these agencies as well as the Court of Appeal concluded that claimant's reason for terminating her employment was personal and in no way connected with her employment. We cannot say they erred in arriving at this conclusion.
The relator makes other arguments in this court based on facts outside the findings of fact of the Appeals Referee, and unsupported by the evidence. These arguments cannot properly be considered under our limited jurisdiction in the employment security cases.
For the reasons assigned the judgment of the Court of Appeal is affirmed.
NOTES
[1] This date is given in the "Case History" set out in the decision of the Appeals Referee. The record does not disclose the date Mrs. Hargrove left for Oklahoma, the date of her return, or the date she talked with the personnel director about the employment situation.