FRUGÉ, Judge.
This is a suit for unemployment compensation benefits filed by a former employee of Southern Bell Telephone & Telegraph Company, the appellee herein. The plaintiff employee was granted unemployment compensation benefits by an administrative referee whose findings and decision were adopted and affirmed by the Board of Review. The employer applied to the district court for a judicial review of the Board’s findings, and without written reasons for judgment, the judge of the district court reversed the findings of the Board and denied unemployment compensation benefits to the employee. Hence this appeal.
In cases of this nature, the scope of judicial review is limited by statute (LSA-R.S. 23:1634), so that “[i]n any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” In discussing the application of this section and its effect on the scope of judicial review, we recently commented in the case of Barber v. Lake Charles Pipe & Supply Company, 148 So.2d 326 (La.App. 3d Cir. 1962):
“The question before the court on judicial review of an administrative determination that an employee is or is not entitled to unemployment compensation benefits, is not what finding the court might think is justified but what the court feels to be the preponderance of the evidence. For, as noted in our original opinion, the legislature has provided that the findings of fact by the board *762 are conclusive on the courts ‘if supported by sufficient evidence’, LSA-R.S. 23:1634.
“As stated at 81 C.J.S. Social Security and Public Welfare, § 232c:
“ ‘Thus, it is not a function of the court to weigh the evidence, resolve conflicts in the testimony, determine the credibility of the witnesses, or to decide what inferences are to be drawn from the evidence. The court may not reevaluate the evidence or substitute its own judgment on the facts for that of the administrative agency * * *. [Administrative determina.-tions of fact are conclusive unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. * * * Thus, a finding of fact will not be disturbed where there is evidence reasonably tending to sustain such finding or where there is evidence from which an inference of the fact found could be fairly drawn.’
“As recently stated to this effect by our brothers of the Second Circuit in Wilson v. Brown, 147 So.2d 27, 29: ‘When the evidence produced at a hearing before an administrative agency is open to various constructions, the reviewing court must accept the finding of the agency.’ ”
The facts of the case are as follows: The employee, because of a poor attendance record attributed to intermittent illness, was asked to resign from her duties as a telephone operator for Southern Bell. The employer’s chief operator and its representative at the administrative hearing stated that Mrs. Guillory was induced to resign due to poor attendance, and, as an inducement, was paid her termination pay for seventeen weeks plus one week’s vacation.
The findings of the administrative referee, later adopted and made the decision of the Board of Review, were as follows :

"FINDINGS

“The claimant worked thirteen years for this employer as a telephone operator earning $78.00 a week. Because of poor attendance due to illness, she was given seventeen weeks pay as an inducement to resign. She accepted the pay and resigned at their request. When she filed her claim, she was held not available for work as of April 10, 1966 because of illness. On May 16, 1966, she submitted a doctor’s statement showing that she had received medical treatment, but was released as able to return to work. She was advised not to return to a job similar to this.

OPINION

“R.S. 23:1600(3) provides that a claimant must be able to work and be available for work in order to be eligible for benefits.
“There is sufficient evidence to show that the claimant has completely recovered from her illness and she is available for work as of May 15, 1966.”
Counsel for the employer urges that because the employee was advised by her doctor not to return to the same type of employment, she is not available for work as provided by LSA-R.S. 23:1600(3):
“An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that * * * (3) He is able to work, and is available for work.”
As above noted, the Board of Review found that there was sufficient evidence to show that the employee was completely recovered from her illness and was available to work at the time of her application for unemployment benefits. The “sufficient evidence” on which the Board might have concluded that the em *763 ployee was available for work under the terms of the above statute could have been the opinion of the employee’s treating physician, who, though he did not think that the employee could adjust well in her previous job as a telephone operator, nevertheless stated that in his opinion the employee was, at the time of her termination, able to work (Tr. 27). The Board might also have considered, in connection with the doctor’s report on the employee’s ability to work, the employee’s unequivocal statement that she would have continued to work had she not been offered the inducement pay (Tr. 27).
A careful reading of the record discloses no evidence which contradicts or opposes the employee’s contention that she is available for work from a medical standpoint. Even if such evidence were present, we feel that the finding of the Board on the issue of availability would still stand, for, under the limited scope of our judicial review, there is ample evidence to support the administrative agency’s conclusion that the employee was available to work and willing to perform such work. See Barber v. Lake Charles Pipe & Supply Co., supra; Hargrove v. Brown, 247 La. 689, 174 So.2d 120 (1965); Gulf States Utilities Co. v. Brown, 165 So.2d 580 (La.App.2d Cir. 1964); Kelley v. Brown, 165 So.2d 591 (La.App. 1st Cir. 1964); Turner v. Brown, 134 So.2d 384 (La.App.3d Cir. 1961). We are therefore of the opinion that the Board’s finding on the availability issue should be upheld.
In addition to contending that the employee is not available for work, Southern Bell also argues that the employee is disqualified for benefits under the provisions of LSA-R.S. 23:1601, which reads, “An individual shall be disqualified for benefits: (1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *”
Conceding arguendo that this court may legitimately consider the question of good cause in view of the fact that the administrative hearings and determinations were predicated solely on the issue of availability, we are not convinced by the employer’s arguments. Though the employee did resign in the sense that she signed her name to a statement of resignation, the evidence is uncontroverted that the employee was called into her supervisor’s office and presented with a letter of resignation, coupled with an offer of seventeen weeks’ pay should she sign the letter. One need not be gifted with visionary powers in order to conceive the soon-to-follow result had the employee refused to accept the company’s “offer.” In this situation the company’s tender to the employee of the letter of resignation is a clear indication that the employer no longer desired the services of the employee and, though perhaps eager to avoid the appearance of having fired the employee, is nevertheless strongly inclined to remove from the ranks of its employees the one to whom the letter of resignation is tendered. Under such circumstances we cannot conclude that as a matter of law the employee has left his employment without good cause connected therewith. See Flournoy v. Brown, 140 So.2d 729 (La. App.3d Cir. 1962).
Accordingly, for the foregoing reasons the judgment of the district court is hereby reversed and judgment is rendered herein affirming the decision of the Board of Review for the Division of Employment Security of the Department of Labor, State of Louisiana, Docket No. 464-BR-66 (2524-AT-66), granting unemployment compensation benefits to the employee herein. The appellee is to bear the costs of all proceedings.
Reversed and rendered.