GUIDRY, Judge.
This is an appeal from a judgment of the 33rd Judicial District Court which reversed a decision of the Board of Review of the Division of Employment Security of the Department of Labor, State of Louisiana, and awarded plaintiff unemployment compensation benefits. The Appeals Referee and the Board of Review after hearings both reached the. conclusion that plaintiff was not entitled to unemployment compensation benefits for having left his employment without good cause connected with his employment. This conclusion is the premise or basis for this appeal by the Administrator.
In cases of this nature the scope of judicial review is confined to question of law, the findings of the Board of Review as to facts, if supported by sufficient evidence and in the absence of fraud, being conclusive. LSA-R.S. 23:1634; Southern Bell Telephone and Telegraph Company v. Administrator, Division of Employment Security of Department of Labor, State of Louisiana et al, 200 So.2d 761, (La.App. 3rd Cir. 1967); and Barber v. Lake Charles Pipe & Supply Company and Administrator, Division of Employment Security of Department of Labor, State of Louisiana, 148 So.2d 326 (La.App. 3rd Cir. 1963).
There is no dispute as to the material facts involved. Plaintiff, Milton Vidrine was employed by Vancouver Plywood Company for nearly thirty-six (36) years. Having attained the age of sixty-two (62) in December of 1973 he became eligible and applied for social security benefits. When making his application Vidrine was advised that he could earn a maximum of $2400.00 a year without forfeiting any of his social security benefits. The plaintiff, continuing to work for Vancouver Plywood, began receiving his social security retirement benefits in January of 1974. By July 19, 1974 Vidrine had earned from his employment with Vancouver Plywood Company Inc. the sum of $2400.00 and in order to avoid the loss or forfeiture of any social security benefits for the year 1974 he on said date voluntarily terminated his employment with that Company. Subsequently he filed a claim for unemployment insurance benefits but was denied benefits by the Department, the Appeals Referee and the Board of Review for the reason hereinbefore stated. At all times prior to and after the plaintiff’s departure from Vancouver Plywood he was physically able to work.
We disagree with the trial court's holding that the instant matter is almost identical with, and therefore controlled by the case of Southern Bell Telephone and Telegraph Co. v. Administrator, Division of *387 Employment Security, Department of Labor, (supra). There the employer, who no longer desired the services of an employee, tendered to her a letter of resignation and offered seventeen (17) weeks of severance pay should the employee sign the letter of resignation. It is clear that in the ’ cited case the employee did not voluntarily terminate her employment rather the employer actively sought her resignation and actually induced the employee to resign because of her poor attendance record.
Such is not the circumstances In the case at bar. The plaintiff was offered nothing by his employer, Vancouver Plywood, to induce his resignation. The plaintiff had been employed there for thirty-six (36) years. The record clearly reflects that the plaintiff, who worked as a fork lift operator, and the employer enjoyed the best of relations. Vidrine simply left his employment on July 19, 1974 in order not to have to forfeit any of the social security benefits which he would receive in the calendar year 1974. The plaintiff’s resignation was completely voluntary, the record disclosing no evidence to the contrary. In fact plaintiff testified that it was his intention to resume his employment with Vancouver Plywood in the year 1975 and continue therein until he had again earned $2400.00.
The law is clear that under LSA-RS £3:1601 an employee is not entitled to benefits if he has left his employment without good cause connected with his employment. Under the circumstances of this case we find that the plaintiff quit his job voluntarily and solely to avoid the forfeiture of social security benefits which he was then receiving, a reason purely personal to him and clearly one not for good cause connected with his employment. See Sheffield v. Heard, 92 So.2d 295 (La.App. 2d Cir. 1957). Hargrove v. Administrator, 247 La. 689, 174 So.2d 120 (1965).
Accordingly, for the foregoing reasons the judgment of the district court is reversed and judgment is rendered hereby affirming the decision óf the Board of Review for the Division of Employment Security of the Department of Labor, State of Louisiana, Docket No. 2078 Br 74 (A518-AT-74), denying unemployment compensation benefits to the plaintiff-ap-pellee. The appellee is to bear all costs of this appeal.
Reversed and rendered.