488 So.2d 1061 (1986)
Toye R. HENDERSON, Plaintiff-Appellant,
v.
ADMINISTRATOR, DEPARTMENT OF LABOR, OFFICE OF EMPLOYMENT SECURITY, State of Louisiana, and Caddo Parish Police Jury, Defendants-Appellees.
No. 17728-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
Rehearing Denied June 5, 1986.
*1062 Donald R. Miller, Shreveport, for plaintiff-appellant.
James A. McGraw, Denise A. Nagel, Herman Robinson, Frank T. Scott, Jr., and Bernard J. Francis, Sr., Baton Rouge, for defendant-appellee, Office of Employment Sec.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
Affirming in this appeal the decision of the Board of Review that denied a secretary unemployment benefits under LRS 23:1601(1), we determine that the secretary did not have the statutory "good cause" to immediately resign her employment upon being told by her boss that she was being fired or terminated effective two weeks later.
Appellant had worked for about 14 months as a secretary for a Caddo Parish district judge and was technically an employee of the Caddo Police Jury when the prospective termination occurred December 6, 1983. The judge testified that he had conversed before with his secretary about the quality of her work and her alleged rudeness to some persons who either telephoned or visited his office. He said that on the morning of December 6 he discussed with her a complaint that had been made to him about her being rude to an out-of-town lawyer who had telephoned his office a few days before. He asked appellant to telephone the lawyer so he could hear that lawyer's version of what had transpired. The judge stated that after the telephone conversation with the lawyer,
... I told her what the lawyer had told me, and she denied it. I then told her that I had a number of complaints about rudeness on her part before, we had discussed it before. I also mentioned to her that I was tired of having to proofread her work every time she did something, even in final form, and I looked at the calendar and said your last day of employment will be DecemberI believe it was December 21. In other words, I was intending to give her two weeks notice, one of which we were scheduled to be on vacation. And I did that in order to give her time to find another job.
Appellant responded by handing the judge a typed and signed letter of resignation effective immediately. The letter was prepared during the telephone conversation between the judge and the lawyer. Appellant's testimony at the hearing conducted by the appeals referee generally corroborated the judge's testimony about his conversations with her. The judge left his office to attend court shortly after she presented him the letter and without further discussion other than the necessity of him being in the courtroom.
Appellant contends that the notice given her by the agency to appear at the hearing before the appeals referee failed to inform her that her alleged misconduct and professional inadequacies would be at issue and that she was not afforded procedural due process, and that, in any event, the testimony of the judge in that respect was incompetent because it was derived entirely from hearsay.
*1063 The judge's testimony about the conversations he had with his secretary was not hearsay because the judge was subject to cross-examination before the referee. The truth of what was told the judge by others, of course, was hearsay, but the truth of that hearsay, (the secretary's alleged misconduct as reported to him by others) is not the issue in this appeal. Compare Credit v. Whitfield, Adm. of the La. Ofc. of Emp. Sec., 488 So.2d 1064 (La. App. 2d Cir.1986). The issue was not the misconduct of the secretary or what others had told the judge. The issue was and is whether appellant's immediate resignation under the described circumstances was "for good cause connected with [her] employment." That was the language of the notice given by the agency to the secretary. § 1601(1). That notice answers appellant's contention that she was unconstitutionally denied due process.
The statute states that an employee is not entitled to unemployment benefits if "she has left her employment ... without good cause connected with her employment." The legislature has relegated to the state agency, subject to judicial review, the responsibility of determining what constitutes good cause under the statute. That determination, of course, can be made only on a case to case basis. Our review is limited to questions of law and we must accept findings of fact which are supported by sufficient evidence and not based on fraud. LRS 23:1634.
If the secretary had continued working as she was entitled to do after being told of her prospective termination and had thereafter applied for unemployment compensation, the issue might have become her misconduct under LRS 23:1601(2). When she immediately resigned her employment upon being told that she was terminated effective two weeks away, the issue became "good cause" under § 1601(1).
The agency found that appellant resigned her employment for personal reasons and not for good cause connected with the employment. Appellant prepared and signed her letter of resignation before the judge told her of her prospective termination. We need not deduce whether she would have submitted her resignation if the judge had not told her of her prospective termination. The judge's language to her was courteous and not demeaning and she voluntarily chose to immediately resign rather than to work through December 21. The judge did not "accept" her immediate resignation and was "surprised" to learn, when returning from the courtroom an hour or so later, that she had removed her personal belongings from her desk and had departed the office about 11 a.m. The factual finding of the agency to the effect that she was not forced to resign, but resigned for personal reasons, is supported by sufficient evidence. § 1634. Compare Southern Bell T. & T. Co. v. Administrator, Div. of E.S., 200 So.2d 761 (La.App. 3d Cir.1967), where a resignation was forced. Compare Southern Hardware and Lumber Company v. Vesich, 250 So.2d 780 (La.App. 4th Cir.1971); Piggly Wiggly of Springhill, Inc. v. Gerace, 370 So.2d 1327 (La.App. 2d Cir.1979); Hargrove v. Brown, 247 La. 689, 174 So.2d 120 (1965), cert. denied 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123.
Good cause connected with one's employment means:
... cause connected with working conditions, ability of the employee to continue the employment, availability of transportation to and from work, and other factors which affect the employee's ability or right to continue work or which affect the benefits he may receive from his employer either upon continuation of work or retirement. McGraw v. Director of Postal Data Center, 319 So.2d 797 (La.App. 1st Cir.1975).
A "forced" resignation, as a matter of law, constitutes good cause connected with the employment for leaving one's employment. See Southern Bell T. & T. Co., supra. Appellant's immediate resignation was not forced but was voluntary. Compare also Department of Labor, etc. v. Unemployment C. Bd. of R., 133 Pa.Super. 518, 3 A.2d 211 (1938). There an employee *1064 immediately resigned, but with the consent of his employer, to seek another job which he thought was then available upon being told that he would be terminated seven days later. The court held that the employee's immediate leaving was not "voluntary" so as to preclude benefits.
We do not hold that every immediate resignation after an employee is told of his or her prospective termination will disqualify the employee for unemployment compensation benefits. Each case must depend on its own peculiar facts. We cannot find either an insufficiency of the evidence or an error of law in the record appealed.
The judgment appealed is AFFIRMED.