527 So.2d 614 (1988)
Michael BARREMORE, Plaintiff-Appellant,
v.
C.J. BLACHE, Administrator, Office of Employment Security, Department of Labor, Calcasieu Parish Sheriff, Defendants-Appellees.
No. 87-459.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Robert Patrick, Lake Charles, for plaintiff-appellant.
Book & Beverung (M. Steve Beverung), Lake Charles, Denise Nagel, Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, STOKER and KING, JJ.
STOKER, Judge.
Plaintiff-appellant, Michael Barremore, appeals a judgment affirming the decision of the Board of Review, Office of Employment Security, Department of Labor, which disqualified appellant from receiving unemployment compensation benefits.

*615 ASSIGNMENTS OF ERROR
The plaintiff-appellant assigns as errors the following:
1. The trial court erred in concluding that the Board's factual findings were supported by legal and competent evidence.
2. The trial court erred in concluding that the actions of plaintiff-appellant constituted misconduct within the meaning of LSA-R.S. 23:1601 (1) and (2).
3. The trial court failed to liberally construe the Louisiana Unemployment Security Law.
The third assignment of error has not been briefed and is therefore considered abandoned.

FACTS
Appellant was employed by the Calcasieu Parish Sheriff's Office, appellee herein, as a jailer. After appellant's resignation from this position, he applied to the Department of Labor for unemployment benefits. The benefits were granted, but subsequently revoked by an Appeal Referee for the Board of Review, Office of Employment Security, when appellee challenged the Department's determination on the basis of appellant's alleged voluntary resignation.
The Appeal Referee made the findings of fact set forth below:
"The claimant worked for the named employer about four months to September 23, 1985, as a Jailer. He normally worked day hours, from about 5:45 a.m. to 5:45 p.m., four days per week. During his employment, the claimant received numerous incident reports in which he was advised that he had failed to follow proper procedures. The claimant was also counselled on several occasions about his continued complaints about working in the jail. He was advised that he accepted the position working as a Jailer and that there were several personnel with more seniority who had requested transfer from this position. After counsellings, the claimant continued to express his discontent with his job in front of co-workers and inmates at the facility. Except for requesting transfer to duties as a Patrolman, so that he would not be working in the jail facility, the claimant did not express any problem of working with his particular Supervisor. Due to continued complaints about his performance and his complaining about his job assignment, the claimant was advised on September 23, 1985, that his continued complaints had forced the employer to consider his termination. During this conference the claimant asked if he could be allowed to resign rather than be terminated so that his future employment record may not be hampered. The claimant was allowed to submit a letter of resignation."
The Appeal Referee determined that "he [appellant] has failed to demonstrate that his leaving was for good cause connected with the work," and based the denial of unemployment benefits on LSA-R.S. 23:1601 (1). These findings were adopted by the Board of Review. On application for judicial review of the denial of the benefits, the trial court affirmed the Appeal Referee's decision. Appellant appeals this judgment.

OPINION
Appellant alleges the trial court erred in concluding the Board of Review's factual findings were supported by legal and competent evidence. We disagree.
Each incident report on appellant's misconduct during his four-month employment was discussed in detail at the hearing by the Appeal Referee. Appellant admitted the charges of continuous complaining about his job, both before and after receiving his numerous warnings, derogatory statements about his supervisors, two securities violations, absence from work without calling in sick and misplacement of an attorney call list. Appellant acknowledged that he had received reprimands and warnings for these violations. At some point appellant was suspended for three days for a security violation, however, five incident reports were written subsequent to the suspension.
The day the last incident report was made, appellant was called in to his supervisor's *616 office and told that his employment would be terminated. However, on appellant's request, appellee agreed to accept his resignation instead so that his future employment would not be hampered.
There is sufficient evidence to support the Appeal Referee's factual findings concerning the reasons for and circumstances of appellant's resignation. Therefore, the findings of the Board of Review are conclusive and we must confine our further review to questions of law. LSA-R.S. 23:1634 (B).
The evidence also supports the Appeal Referee's determination that appellant failed to demonstrate that his leaving was for good cause connected with his employment. LSA-R.S. 23:1601 states in pertinent part:
"§ 1601. Disqualification for benefits
"An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment.
* * * * * *
"(2) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment."
Had appellant been fired, the issue would have been his alleged misconduct under LSA-R.S. 23:1601 (2). However, since he chose to resign rather than be fired, the issue of misconduct was pretermitted and the proper inquiry became "good cause" under LSA-R.S. 23:1601(1). Henderson v. Administrator, Dept. of Labor, Office of Employment Security, 488 So.2d 1061 (La. App. 2d Cir.1986).
Resignation to avoid being fired, like other self-serving reasons, has been held to not be "good cause" connected with the employment entitling the claimant to unemployment benefits. Henderson, supra. However, a "forced" resignation, as a matter of law, constitutes good cause connected with the employment for leaving one employment. Henderson, supra.
Appellant was not forced to resign. The Board of Review found that appellant was notified that his employment was being terminated due to the number of complaints concerning his job performance and his continuous complaining about his job. After notification, at appellant's own request, appellant was allowed to resign in order to protect his employment record. Appellant was not forced to resign and was not even given that option until he himself requested it. Appellant's resignation was voluntary for personal reasons, which does not constitute good cause connected with his employment. A case in contrast is Southern Bell T & T Co. v. Administrator, Division of Employment Security, 200 So.2d 761 (La.App. 3d Cir.1967). There the court held that an employee who was given seventeen weeks pay as an inducement to resign because of poor attendance due to illness was "forced" to resign.
We find no error in the trial court's affirmance of the action of the Board of Review.

DECREE
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed. The costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.