SEXTON, Judge.
Plaintiff-claimant, Patricia D. Coleman, appeals the district court’s judgment which affirmed a board of review decision denying her unemployment benefits because she left her employment without good cause connected with the employment. We affirm.
Plaintiff was employed as a housekeeper/page by the Shreve Memorial Library, South Caddo Branch, from January 19, 1976, through September 14, 1984. In addition to her janitorial duties, claimant was required to perform other duties in the library, including “reading” the library shelves in order to ensure that library materials were reshelved in the proper order. Additionally, plaintiff was occasionally required, when specially requested, to assist at the main desk of the library.
In the course of her eight and one-half year employment with the library, claimant was placed on probation on two separate occasions. In July 1980, claimant was placed on probation by her then supervisor, *183 Marge Wright, for having an “antagonistic attitude” and for intruding in others’ jobs, as well as public criticism of others’ work. That probation period apparently concluded satisfactorily to the claimant.
In January 1984, claimant was once again placed on six-month probation for sullenness and negative attitude, abandoning her assigned tasks, performing her assigned tasks grudgingly and only after being reminded, and for having a critical attitude toward others. Simultaneously with being placed on probation, claimant was issued a written warning that an additional incident would result in her dismissal. In August of 1984, claimant’s probation was extended because although there had been a brief improvement in her conduct, she was “becoming more lax” in those areas which had led to the probation.
In response to the probationary period being extended, claimant met with the library director seeking a review of the extension of probation. She advised the director that if his review of the circumstances concluded favorably to her, she desired that the probation should be terminated. However, should his review of the circumstances disclose that her supervisor had acted correctly, she would voluntarily resign “with no hard feelings.”
After meeting with both the claimant and her immediate supervisor, the library director concluded that the claimant’s supervisor had handled the situation appropriately and accepted claimant’s offer to voluntarily resign.
Claimant applied for unemployment benefits on the agency level. Although it was determined that she was discharged because of alleged misconduct, no disqualification was assessed, and it was determined that plaintiff was entitled to benefits. This decision was upheld by the appeals referee who ruled, following a hearing, that the claimant had left for good cause connected with the employment and that, therefore, no disqualification would be assessed.
The claimant’s employer appealed the ruling of the appeals referee to the board of review, which reversed the decision of the appeals referee. Though the board of review found no misconduct, it found that the claimant had left her employment without good cause connected with the employment in that she had done so rather than change the attitude which had led to her probation. Accordingly, she was disqualified from receiving benefits.
The claimant then appealed the decision of the board of review to the district court. The district court affirmed the decision of the board of review, agreeing with the board of review that claimant’s resignation was for a personal reason and without good cause connected to her employment. It agreed with the board of review that the claimant could have continued to work had she chosen to conform but preferred to leave rather than cooperate with her supervisors and comply with the library’s rules.
Claimant now appeals the judgment of the district court, arguing that her resignation was not voluntary but forced or, in the alternative, that her voluntary resignation was for good reason connected to the employment. The administrator of the Office of Employment Security of the Louisiana Department of Labor joins with the claimant in seeking a reversal of the district court decision. Claimant’s former employer, the City of Shreveport, urges this court to affirm the district court’s conclusions and judgment.
The scope of judicial review in unemployment compensation cases is outlined in LSA-R.S. 23:1634. Since there has been no allegation of fraud, judicial review of the findings of the board of review is limited to (1) whether the facts found by the board are supported by competent evidence produced at the hearings and (2) whether such facts, as a matter of law, justify the action taken. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Gunn v. Gerace, 516 So.2d 1180 (La.App. 2d Cir.1987); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985).
The Louisiana employment security law is remedial in nature and as such should be interpreted by the court to extend its benefits as far as possible within the bounds imposed by express legislative *184 restrictions. Parker v. Gerace, 354 So.2d 1022 (La.1978); Gunn v. Gerace, supra.
LSA-R.S. 23:1601(1) provides that an individual shall be disqualified for benefits if the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment.
[2] Where plaintiff voluntarily left her employment she must show that she left with good cause connected with her employment in order to receive benefits. Clemons v. Blache, 501 So.2d 1020 (La.App. 2d Cir.1987). Good cause has been defined as more than mere dissatisfaction with the working conditions. Clemons v. Blache, supra; Nason v. Louisiana Department of Employment Security, 475 So.2d 85 (La.App. 2d Cir.1985), writ denied, 478 So.2d 149 (La.1985). The good cause contemplated by the statute must be from a cause that would reasonably motivate the average able-bodied and qualified worker in a similar situation to give up his or her employment. Clemons v. Blache, supra; Neil v. Administrator, Division of Employment Security, Department of Labor, 197 So.2d 393 (La.App. 2d Cir.1967). The standard of what constitutes good cause is the standard of reasonableness as applied to the average man or woman and not the supersensitive. Clemons v. Blache, supra.
Good cause connected with employment means a cause connected with working conditions, ability of the employee to continue employment, availability of transportation to and from work, and other factors which affect the employee’s ability or right to continue work or which affects the benefits he may receive from his employer either upon continuation of the work or on retirement. Clemons v. Blache, supra.
In Barremore v. Blache, 527 So.2d 614 (La.App. 3rd Cir.1988), the claimant, a jailer for a parish sheriff’s office, resigned rather than be fired. The court found that he was not forced to resign but requested the right to do so rather than be terminated for complaints about his job performance and his continuous complaining about his job. The court concluded his resignation was voluntary, for personal reasons, which did not constitute good cause.
The court in Barremore at page 616 noted:
Had appellant been fired, the issue would have been his alleged misconduct under LSA-R.S. 23:1601(2). However, since he chose to resign rather than be fired, the issue of misconduct was preter-mitted and the proper inquiry became “good cause” under LSA-R.S. 23:1601(1). Henderson v. Administrator, Dept. of Labor, Office of Employment Security, 488 So.2d 1061 (La.App. 2d Cir.1986).
Resignation to avoid being fired, like other self-serving reasons, has been held to not be “good cause” connected with the employment entitling the claimant to unemployment benefits. Henderson, supra. However, a “forced” resignation, as a matter of law, constitutes good cause connected with the employment for leaving one employment. Henderson, supra.
We find Barremore to be analogous to the situation before this court. As in Barremore, the issue is not the claimant’s misconduct, but whether she voluntarily left her employment without good cause relating to the employment. Also, as in Barremore, the voluntary resignation arose out of the claimant’s repeated substandard performance on her job.
The record clearly discloses that it was the claimant who requested a review of the probation extension. It was also the claimant who offered to resign if the library director’s review indicated that the claimant's supervisor had acted properly in disciplining her. The claimant was unhappy with being placed on probation and, in so many words, offered to resign her position rather than modify her behavior to accommodate the reasonable demands of her employer.
For the above and foregoing reasons, the judgment of the district court affirming the board of review’s disqualification of claimant’s application for unemployment bene *185 fits is affirmed with all costs to be paid by the claimant-appellant.
AFFIRMED.